## BUFFALO OÖLITIC LIMESTONE QUARRIES COMPANY ET AL. v. DAVIS ET AL.

### [No. 6,898. Filed January 4, 1910.]

1. EVIDENCE.—*Striking Out.*—*Varying Written Contracts.*—*Vendors' Liens.*—*Collateral Security.*—In a suit to foreclose a vendor's lien for purchase money, where the vendor had testified that she was not to lose her vendor's lien by taking a certificate of stock for $5,000, and that such stock was taken as "conditional security," it is reversible error to refuse to strike out such testimony, where a written contract was admitted in evidence, showing that she was to receive "as collateral security for the final $5,000 a certificate for $5,000 in the stock" of a certain company, and was given an option of exchanging this stock for its par value in cash. p. 117.

2. VENDOR AND PURCHASER.—*Liens.*—*Waiver.*—A vendor waives his right to a lien by taking collateral security for the debt. p. 119.

3. VENDOR AND PURCHASER.—*Liens.*—*Revivor.*—*Written Contracts, Varying by Parol Evidence.*—A vendor's lien waived by the taking of collateral security cannot be revived; and a written contract accepting collateral security cannot be varied by parol testimony. p. 120.

4. APPEAL.—*Reversal.*—*Improper Evidence.*—*Special Findings.*— Where the special findings show that the judgment appealed from rests upon incompetent evidence, the judgment will be reversed. p. 120.

5. EVIDENCE.—*Admissibility.*—*Varying Written Contracts.*—Parol evidence is competent to show that a written contract has never gone into force, to invalidate it for fraud, to show an illegal consideration, and to supply a provision, not contradictory of, nor embraced by, the provisions therein. p. 120.

From Monroe Circuit Court; *J. B. Wilson*, Judge.

Suit by Mattie B. Davis against the Buffalo Oölitic Limestone Quarries Company and others. From a decree for

plaintiff and others, such company and others appeal. *Affirmed in part. Reversed in part.*

*Louden & Louden, Frank L. Hume* and *Rufus H. East,* for appellants.

*Duncan & Batman* and *Theodore J. Louden,* for appellees.

COMSTOCK, J.—Appellee Mattie B. Davis commenced this suit in the court below to foreclose a vendor's lien on certain land in Monroe county, the title to which was held by appellant Buffalo Oölitic Limestone Quarries Company, then in the hands of a receiver. Appellee Louden, appellants and other defaulted parties, were made defendants to plaintiff Davis's amended complaint, and to which they filed their separate answers, alleging (1) general denial; (2) payment of purchase money before suit; (3) that appellee Davis had waived her alleged vendor's lien, and, by further answer and cross-complaint, setting up their judgments and interests in said land. Replies and answers were filed to the cross-complaints. The cause was tried by the court, and, upon request, a special finding of facts was made and conclusions of law stated thereon, upon which a decree was entered, establishing a vendor's lien on the real estate in favor of appellee Davis for the sum of $5,712.50, and fixing a lien thereon in favor of appellee Louden in the sum of $1,236.75, also a lien in favor of appellant Rachel D. Hedges, a judgment debtor, for $11,432.59, and adjudging their priorities as follows: (1) Lien of appellee Louden; (2) lien of appellee Davis; (3) lien of appellant Hedges. It is conceded by the parties that appellee Louden is entitled to the first lien.

Among the errors assigned is the overruling of appellants' motion for a new trial. Of the reasons therefor

1. appellants insist that the court erred in the admission of certain testimony over their objections.

Upon the trial of the cause, appellee Davis testified as to the terms of the contract for the sale of the land to Mary

L. Danforth. She testified to an agreement which she claimed she had with Mary L. Danforth, to the effect that she was not to lose her lien for purchase money on the land by taking a certificate of stock for $5,000 in the appellant limestone company, but was to hold said stock as "conditional security." Upon its appearing from the testimony that a written contract of sale had been made, appellants moved to strike out all of that part of appellees' parol testimony, which motion was overruled. The rule is not questioned that "when a contract has been finally committed to writing, all prior negotiations and stipulations between the parties are merged in the writing, and to that alone can the court refer to determine the rights and obligations of the parties." *Burton* v. *Morrow* (1892), 133 Ind. 221. And see *Reynolds* v. *Louisville, etc., R. Co.* (1896), 143 Ind. 579. The rule is clearly and comprehensively stated in 1 Greenleaf, Evidence (Lewis's ed.), §275, as follows: "When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous *colloquium* between the parties, or of conversation or declarations at the time when it was completed or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, 'parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.'"

While the rule of law is not disputed, it is the claim of appellee Davis that, by the admission of said parol testimony, there was no attempt to abridge, contradict, change,

modify or otherwise take from or add to said contract; that such testimony establishes a collateral parol contract, independent and apart from said contract of sale; that the collateral parol contract as to the nonwaiver of appellee Davis's vendor's lien did not modify or change the written contract of sale in any way; that it is in noway inconsistent with the written contract, etc. This question must be determined from the language of the contract, the pertinent provisions of which are the fifth and sixth items, reading as follows:

"(5)   That at the time the court's favorable decision is rendered you shall receive as collateral security for the final $5,000 a certificate for $5,000 in the stock of the Buffalo Oölitic Limestone Company.   (6)   That when the final $5,000 becomes due, you shall have the option of exchanging this collateral stock for $5,000 in cash, or of retainng the stock as the final payment, in which latter case you shall be entitled to any dividends which may have been declared."

The terms of this proposal to purchase are full, definite and certain. It contains an expression of the intention of the parties and a meeting of the minds. Under this contract the sale was consummated and said certificate issued to appellee Davis.

The written contract describes the stock as "collateral security." By the parol testimony it is designated as "conditional security." If the stock was issued as collateral security, as stated in the contract, it was a waiver of the vendor's lien. *Robbins* v. *Masteller* (1897), 147 Ind. 122; *Pennington* v. *Martin* (1897), 146 Ind. 635; *Haskell* v. *Scott* (1877), 56 Ind. 564; *Henes* v. *Henes* (1892), 5 Ind. App. 100; *In re Brentwood Brick, etc., Co.* (1876), 4 Ch. Div. 562; 29 Am. and Eng. Ency. Law (2d ed.), 763.

A parol agreement that it should not be a waiver was a direct attempt to vary the written contract in a way un-

authorized by law. The lien, having been waived, could not be revived. *Richards* v. *McPherson* (1881), 74 Ind. 158; *Mattix* v. *Weand* (1862), 19 Ind. 151.

The court found that the $5,000 in stock in appellant company was delivered to appellee Davis as additional security for the unpaid purchase money. This finding was based upon the improper parol testimony to which we have referred.

There are qualifications to the rule that a written contract cannot be varied by parol testimony, viz.: Parol testimony is admissible to show that a contract of sale has never come into operation as an enforcible obligation between the parties, or to invalidate it upon the ground of fraud, or to show that it was in fact based upon an illegal consideration, and where the written instrument does not embrace the entire agreement, provided such evidence does not contradict or vary the terms of the instrument, but merely supplies what was omitted. None of these qualifications are applicable in this case. The admission of the parol testimony of appellee Davis, before referred to; was, we think, a fatal error. Other alleged errors discussed may not arise upon a new trial, and are therefore not considered.

Decree affirmed as to Theodore J. Louden. As to the other parties, the decree is reversed, and the trial court is directed to sustain appellants' motion for a new trial.