## HULL *v.* MECHANICS BUILDING, LOAN AND SAVINGS ASSOCIATION.

[No. 8,258. Filed June 10, 1914.]

1. PLEADING.—*Cross-Complaint.—Presumption Against Pleader.— Vendor's Lien.*—While every reasonable presumption will be indulged against the pleader, forced or unreasonable presumptions will not be indulged, hence in a foreclosure suit, a cross-complaint setting up a vendor's lien on the property covered by the mortgage and alleging that at the time of the execution of the mortgage the plaintiff knew that the purchase money had not been paid, and that at the time of the acceptance of the note and mortgage plaintiff knew that cross-complainant had a vendor's lien, was not insufficient on the theory that, in the absence of an allegation to the contrary, the presumption would obtain that plaintiff had no knowledge that the purchase price was unpaid at the time the money was turned over to the mortgagor. p. 451.

2. MORTGAGES.—*Priority.—Notice of Vendor's Lien.—Duty to Inquire.*—Where a mortgagee at the time the mortgage was executed had knowledge of the fact that the purchase price of the real estate covered had not been paid, such knowledge was sufficient to put it on inquiry to ascertain if the vendor's lien had been discharged at the time it paid the money to mortgagor, and to charge it with notice of all facts which could have been learned by reasonable diligence, and failing to make any inquiry, it was not an innocent incumbrancer. p. 452.

3. MORTGAGES. — *Foreclosure.—Priority.—Cross-Complaint.—Sufficiency.*—The rule by which prior incumbrances may be kept alive against intervening incumbrances does not extend to protect one, who, having a vendor's lien, later accepts a mortgage securing the

amount, without knowing that the purchaser had executed a prior mortgage; hence, in a foreclosure proceeding, a cross-complaint seeking to establish the priority of a mortgage taken by vendor under such circumstances was insufficient, even though alleging that plaintiff at the time of the execution of its mortgage knew that the purchase price for the property had not been paid. p. 453.

From Superior Court of Vigo County; *John E. Cox,* Judge.

Action by the Mechanics Building, Loan and Savings Association against Albert F. Mosel and others, in which James H. Hull filed a cross-complaint. From a judgment for plaintiff, the cross-complainant appeals. *Reversed.*

*Adrian A. Beecher* and *Walker & Blankenbaker,* for appellant.

*Clarence A. Royse,* for appellee.

LAIRY, J.—Appellant, James H. Hull, being the owner of a certain lot in the city of Terre Haute, on March 6, 1909, conveyed it by warranty deed to one Albert F. Mosel for the agreed price of $1,100, no part of which was paid. On March 25, 1909, Mosel and his wife borrowed from appellee $700 and as security for such loan executed a mortgage on the lot purchased from appellant. Two days later Mosel paid to appellant the sum of $500 as a part of the purchase price of said lot and on April 1, he gave two notes of $300 each due one and two years after date respectively, and to secure the payment of such notes executed a mortgage on the real state which he had purchased and which he had previously mortgaged to appellee.

This suit was commenced by appellee to foreclose its mortgage for $700. Appellant was made a party defendant and it was alleged that he held a mortgage on such real estate which mortgage was junior to that of appellee. Appellant filed a cross-complaint in two paragraphs to each of which appellee addressed a demurrer for want of facts which was sustained. Appellant also filed two paragraphs of answer

which were also held insufficient on demurrer, and appellant refusing to amend or plead over, a decree was entered foreclosing the mortgage of appellee as a first and paramount lien on such real estate. The court further adjudged that appellant take nothing by his cross-complaint.

The assignments of error call in question the correctness of the court's rulings in sustaining the demurrers to the separate paragraphs of cross-complaint and also to the separate paragraphs of answer.

By the first paragraph of cross-complaint, appellant seeks to enforce a vendor's lien for the balance due him from Mosel on the purchase price and have such lien adjudged to be prior to the lien of appellee's mortgage.

1.

It is alleged that appellee and its agents at the time said mortgage was executed had full notice and knowledge of the fact that the purchase money for the conveyance of said real estate had not been paid; and, that appellee at the time it accepted said note and mortgage from Mosel well knew that Hull had a vendor's lien on said real estate for the purchase money due and owing from Mosel. This paragraph of cross-complaint makes no reference to the mortgage taken by appellant as security for the balance due on the purchase price, and therefore no question as to whether appellant waived his vendor's lien is presented by the demurrer to this paragraph. On behalf of appellee it is asserted that the allegations of the first paragraph of cross-complaint heretofore set out are not sufficient to show that appellee had notice that the purchase price of the real estate upon which it took the mortgage was unpaid at the time it parted with the consideration for which the mortgage was given. It is conceded that such allegations are sufficient to show that appellee had knowledge that the purchase price of the real estate was unpaid on March 25, the day on which it was alleged that the mortgage was executed and accepted by appellee; but it is argued that the money for which the mortgage was given may not have been turned over to Mosel

or distributed by his direction until later, and that, as there is no allegation to the contrary, it will be presumed as against the pleader that such was the case and that, at the time such money was so paid over or distributed appellee had no knowledge that the purchase price still remained unpaid. Our attention is also called to an allegation of this paragraph of cross-complaint in which it is stated that, on March 27, Mosel paid or caused to be paid to Hull the sum of $500 on the purchase price of said real estate, and it is argued that this amount may have been paid by appellee with the understanding that the remainder of the purchase price had been paid in the meantime. It is the rule that every reasonable presumption will be indulged against the pleader, but forced or unreasonable presumptions will not be indulged to vitiate a pleading. It hardly can be presumed that the money loaned on a mortgage is not turned over at the time the mortgage is accepted or that knowledge once obtained does not continue. Even though the presumptions for which appellee contends should be indulged as against this pleading, it still states facts sufficient to have put appellee upon inquiry at the time the money was paid over and distributed and to charge him with notice of all facts which he could have learned by reasonable diligence. It is alleged in this paragraph that neither appellee nor any of its agents made any inquiry of Hull about or concerning the payment of the purchase money at any time, and that Hull lived within five miles of the city of Terre Haute and had a telephone in his residence connected with a telephone in appellee's place of business at Terre Haute. Under such a state of facts if appellee knew on March 25 that the purchase money for the real estate upon which it was taking a mortgage had not been paid, and, if it afterward on March 27 or later turned over or disbursed the money constituting the loan without making any inquiry of Hull, the vendor, concerning the payment of the purchase price, it certainly can not be held to be an

innocent incumbrancer. No other objection to this paragraph of cross-complaint is pointed out and, as it appears to be sufficient in other respects, the demurrer of appellee addressed thereto should have been overruled.

The second paragraph of cross-complaint states practically the same facts as the first and in addition thereto alleges that, at the time appellant sold to Mosel the real estate described, it was agreed that Mosel should pay $500 in cash, $300 in one year and $300 in two years and that he should execute notes for the deferred payments and secure them by a first mortgage on the real estate sold; and that, in pursuance of the agreement, Mosel on March 27 paid $500 on the purchase price, and on April 1, executed the notes and a mortgage on the real estate sold to secure the same. It is further alleged that appellant had no knowledge of any intention on the part of Mosel to place a mortgage on such real estate and that he did not know of the existence of the mortgage of appellee until many months after it had been executed. This paragraph seeks to enforce the mortgage executed to appellant on April 1, and to have it declared a prior and superior lien to the mortgage of appellee executed on March 25 of the same year.

In cases where a preëxisting lien has been released under circumstances involving fraud or mistake, the courts have held that such an incumbrance will be kept alive or treated as extinguished as will best subserve the ends of justice. In such cases it has been generally held that such prior incumbrance will be kept alive or restored with its original priority, as against intervening liens where the rights of innocent third parties will not be impaired. *Sidener* v. *Pavey* (1881), 77 Ind. 241; *Bruse* v. *Nelson* (1872), 35 Iowa 157; *Bradford* v. *Howe* (1889), 11 Ky. L. R. 10, 11 S. W. 466. So also it has been held that in case the owner of real estate pays off a mortgage or other lien against the land for the payment of which he was not personally and primarily bound he may keep the lien alive for his protection against other incum-

brances or titles and thus prevent a merger. *Myers* v. *O'Neal* (1892), 130 Ind. 370, 30 N. E. 510; *Barnes* v. *Mott* (1876), 64 N. Y. 397, 21 Am. Rep. 625; 2 Pomeroy, Eq. Jurisp. §798. The same doctrine has been applied to cases where a holder of a mortgage or other lien afterward acquires the fee to the real estate affected by the lien. In such cases it has been held that a merger may be avoided and the lien kept alive and enforced as against subsequent liens and titles to effectuate the intentions of the parties or to accomplish the ends of justice. *Elston* v. *Castor* (1885), 101 Ind. 426, 51 Am. Rep. 754; *Hanlon* v. *Doherty* (1887), 109 Ind. 37, 9 N. E. 782; *Chase* v. *Van Meter* (1895), 140 Ind. 321, 39 N. E. 455.

Appellant invokes the doctrine announced in these cases to uphold the second paragraph of his cross-complaint. This paragraph does not proceed upon the theory that the vendor's lien in favor of appellant is to be kept alive and reinstated and enforced for his benefit, but on the contrary it sets up the mortgage and seeks to foreclose it for the amount of the notes secured thereby including attorney's fees. Appellant asks that this mortgage lien acquired by him on April 1, 1909, be declared prior and superior to the lien of the mortgage acquired by appellee on March 25. The equitable doctrine upon which appellant relies cannot be so applied as to give the mortgage of appellant priority over the mortgage of appellee. The attention of the court has not been called to any case which carries the doctrine to such a limit, and we apprehend that no such case can be found.

The only relief asked in this paragraph of cross-complaint as against appellee, was that the lien of appellant's mortgage be declared prior and superior to that of appellee's mortgage. The facts stated are not sufficient to entitle appellant to this relief, and, as it is not claimed by appellant that this paragraph is good as against appellee upon any other ground. We need proceed no further with the inquiry. What has been said with reference to the first and second

paragraphs of cross-complaint applies also to the first and second paragraphs of answer.

The judgment is reversed with directions to overrule the demurrer of appellee to the first paragraph of appellant's cross-complaint and also to overrule the demurrer of appellee to the first paragraph of appellant's answer.

NOTE.—Reported in 105 N. E. 573. As to the effect foreclosure of a mortgage has upon a prior one, see 80 Am. Dec. 714. See, also, under (1) 31 Cyc. 79; (2) 27 Cyc. 1173; 39 Cyc. 1817; (3) 39 Cyc. 1817, 1838.