DOLLIE LITTLE, Appellee, *vs.* SOLON EATON *et al.*
Appellants.

*Opinion filed April 22, 1915.*

1. DEEDS—*delivery is essential to render a deed operative as a
conveyance.* The delivery of a deed is an essential part of its exe-
cution and is indispensable to render it operative as a conveyance,
and in determining whether there has been a delivery the intention
of the grantor is the controlling element.

2. SAME—*when presumption of delivery of voluntary convey-
ance cannot prevail.* The presumption in favor of the delivery of
a voluntary conveyance from father to daughter cannot prevail
where the evidence shows that the father kept control of the deed
for thirteen years, then made a will giving her a life estate, only,
and subsequently decided to give the land absolutely to a third
party and attempted to do so.

3. SAME—*when rule as to presumption of acceptance of deed
does not apply.* The rule that an acceptance, by the grantee, of a
voluntary conveyance which is of benefit to the grantee and im-
poses no burdens will be presumed even though the grantee had
no knowledge of the existence of the deed until after the grantor's
death, does not apply where the grantor did not intend to confer
any benefit upon the grantee but merely used the conveyance as
a means of transferring title to a third party by having the deed
recorded after the grantee had executed a quit-claim deed to the
third party without knowledge that the other deed was in existence.

4. SAME—*ordinary quit-claim deed does not pass an after ac-
quired title.* An ordinary quit-claim deed does not pass an after
acquired title unless there are words in the deed expressing an in-
tention to convey it, and if at the time the deed is executed the
grantor has no title to the land and has no knowledge that there
is in existence an unrecorded deed made by her father conveying
the land to her the quit-claim conveys nothing, even though the
father subsequently gives the unrecorded deed to the grantee in
the quit-claim deed for the purpose of having it recorded concur-
rently with the quit-claim deed as a means of transferring title to
such grantee; and if the daughter subsequently acquires title to
the land by will she is entitled to have the two deeds removed as
clouds upon such title.

APPEAL from the Circuit Court of Ogle county; the
Hon. RICHARD S. FARRAND, Judge, presiding.

D. W. BAXTER, and S. V. WIRICK, for appellants.

FRANC BACON, and J. C. SEYSTER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Dollie Little, filed her bill in the circuit court of Ogle county, making the appellants, Solon Eaton and W. B. McHenry, (the latter the executor of the last will and testament of Daniel W. Grimes, deceased,) defendants, and asking the court to remove as clouds upon her title to a tract of land containing about thirty-seven acres, a deed made by Daniel W. Grimes to her and a deed from her to the appellant Solon Eaton. The defendants answered, and the issues were referred to the master in chancery to take the evidence and report the same, with his findings. The parties agreed that the master should take and report the evidence, only, and that was done. The chancellor, upon consideration of the evidence taken before the master and oral testimony heard in court, granted the relief prayed for, and this appeal was prosecuted to reverse the decree.

Daniel W. Grimes owned the land in controversy, and the complainant, Dollie Little, was his adopted daughter and was the wife of Joseph Henry Little. The wife of Daniel W. Grimes died on June 4, 1899, and on October 6, 1899, shortly before his second marriage, he made and acknowledged a warranty deed of the land to the complainant for the expressed consideration of $500. He retained possession of the deed and married his second wife on October 18, 1899. In the summer of 1912 he delivered the deed to W. B. McHenry, his attorney, for safe keeping until he should give further instructions concerning it. On September 21, 1912, he made his last will and testament, by which he devised the same land to the complainant for and during her natural life, with remainder to her children in

equal shares. About October 20, 1912, he told McHenry that he had decided to give the land to Solon Eaton for the consideration that Eaton should take care of his father, Frank Eaton, during his lifetime. Frank Eaton was a son-in-law of Grimes and Solon Eaton was his grandson. McHenry advised a change of the will, but Grimes directed him to make a deed from the complainant to Solon Eaton for the purpose of changing the terms of the will. In pursuance of his instructions McHenry prepared a quit-claim deed expressing a consideration of one dollar and other good and valuable considerations, dated October 31, 1912, from the complainant and husband to Solon Eaton. Eaton took the deed and went to the residence of the complainant, laid the deed on a table and told her they had sent him over there for her to sign it. She did not know of the existence of the deed to her and did not know that she had any interest in the land or what land was described in the deed, but she thought it was her father's land and understood that he wanted her to sign the deed. She and her husband signed and acknowledged the deed and it was delivered to Eaton. Grimes directed McHenry to have the deed to the complainant and the one from her and her husband to Eaton put on record at the same time, and the deed to the complainant was only to be filed for record on condition that the complainant and her husband executed the deed to Eaton. The deeds were filed at the same time. Grimes died on February 2, 1913, and his will was admitted to probate.

The delivery of a deed is an essential part of its execution and is indispensable to render it operative as a conveyance. In determining whether there has been a delivery the intention of the grantor is the controlling element. A delivery may be made by an act without words, by words without an act, or by both words and act, and where an intention that a deed shall presently become operative as a conveyance and the title shall pass is manifested, an actual

267 – 40

physical transfer is unnecessary. If the grantor intends, when executing it, to be understood as delivering it, that is sufficient; and the presumption in favor of the delivery of a deed is stronger in case of a voluntary settlement than in a case of bargain and sale. In the case of a voluntary conveyance the retention of the deed in the possession of the grantor will not destroy its effect as a deed unless there are circumstances showing it was not intended to be absolute and to operate as a present conveyance, the grantor's intention to vest title in the grantee manifested by making and acknowledging the deed being regarded as of more importance than the mere manual possession of the deed. (*Walker* v. *Walker,* 42 Ill. 311; *Oliver* v. *Oliver,* 149 id. 542; *Rodemeier* v. *Brown,* 169 id. 347; *Riegel* v. *Riegel,* 243 id. 626; *Hoyt* v. *Northup,* 256 id. 604.) The deed to the complainant was made as a voluntary conveyance, but any presumption of an intention of the grantor to vest title in her thereby was conclusively rebutted by the facts. After retaining the deed in his possession or that of his attorney for about thirteen years he made his will, devising only a life estate to the complainant with remainder to her children, so that he then entertained no intention to give her the fee. Shortly afterward he resolved to give the land to Solon Eaton, so that the complainant could not have title either by the deed or will. Contrary to the advice of his attorney he determined to have the complainant make a deed, and gave instructions that the deed to her should only be put on record concurrently with a deed from her to Solon Eaton. He did not at any time have an intention that the deed to the complainant should be then operative as a conveyance by which she was to obtain title, but it was only to be used as a means of transferring title to Solon Eaton.

Generally speaking, as applied to persons capable of contracting, a delivery is only complete upon acceptance by the grantee. The acceptance of a deed of voluntary set-

tlement which is beneficial to the grantee and imposes no burden will ordinarily be presumed even though the grantee had no knowledge of the existence of the deed until after the grantor's death. (*Baker* v. *Hall*, 214 Ill. 364.) If there was no intention of Grimes to make a delivery of the deed to the complainant, there is, of course, no question of acceptance by her, but the presumption of acceptance could not apply because a delivery would confer no benefit upon her. There is no room for a presumption that she accepted the benefits of a conveyance which conferred no benefit but which was to be used merely as a means for conveying title to another. The complainant had no knowledge of the existence of the deed to her, and merely executed the deed in compliance with the supposed wish of her father without knowing its purpose or the land described in it. The complainant had no title to the land when she executed the deed to Solon Eaton, and there were no words contained in it expressing an intention that it should extend to after-acquired title. It was sufficient to convey any legal or equitable right she then had, but under section 10 of chapter 30 of the Revised Statutes it did not operate to convey the title subsequently acquired through the will.

The bill alleged that the conveyance from the complainant to Eaton was obtained by fraud, and we agree with counsel for the appellants that fraud was not proved. The conveyance was made under the direction and at the request of Grimes to carry out his plan for changing his will, and the action of Solon Eaton was at his request for the purpose of executing that intention. His conduct was blameless, and his action was free from fraud, either in fact or in law. It was not essential, however, that there should have been either allegation or proof of fraud. The deed from the complainant to Eaton, although it conveyed nothing, was a cloud upon her title, and it was based on the deed made to her which was never delivered, so that she

had a right, in equity, to have the deeds apparently transferring title removed, and the action of the chancellor was right.

The decree is affirmed.

*Decree affirmed.*