McColley *v.* Binkley et al.

[No. 9,736. Filed February 13, 1919.]

1. Deeds.—*Delivery.*—A deed, though duly signed, sealed and acknowledged, is not effectual to convey title until it has been either actually or constructively delivered. p. 359.

McColley *v*. Binkley—69 Ind. App. 352.

2.  DEEDS.—*Delivery.—Intent of Grantor.*—In determining whether there has been a delivery of a deed so as to pass title, the intention of the grantor is the controlling element, and it may be manifested by words, acts, or conduct.  p. 359.

3.  DEEDS.—*Delivery.—Intent of Grantor.*—To constitute a delivery of a deed so as to pass title, it is necessary that the grantor should intend to give present effect to the instrument.  p. 359.

4.  DEEDS.—*Delivery.—Escrow.*—An unconditional delivery of a deed to a third person for the use and benefit of the grantee, where the grantor intends to divest his title and to part with all control of the instrument, is a sufficient delivery, but, if the grantor reserves to himself any right to recall or withdraw such deed while in the hands of a third person, or by any act or volition he can recall it, such delivery will not be effective to convey title.  p. 360.

5.  DEEDS.—*Delivery.—Return to Grantor.—Retention.*—If a deed is once delivered with intent to invest the grantee with title, the fact that it is returned to the grantor and kept by him will not divest the title, and the grantor's retention of the deed is not inconsistent with its contemporaneous delivery, when a life estate in the property is reserved to the grantor.  p. 360.

6.  DEEDS.—*Reserving Life Estate.—Time of Taking Effect.—Presumption.*—The reservation of a life estate in the grantor creates a presumption that the deed was intended to take effect immediately as a conveyance of an estate.  p. 360.

7.  DEEDS.—*Delivery in Escrow.—Grantor's Right to Recall.—Effect.*—Where a deed, reserving a life estate to grantors, was placed in the hands of a third person to be delivered at the grantors' death, but was subject to recall by the grantors and grantee jointly, the instrument was ineffectual for want of delivery, since it had not passed beyond the control and dominion of the grantors.  p. 361.

8.  DEEDS.—*Delivery.—Evidence.*—In an action to quiet title, evidence showing that grantor, at the time he executed a deed to his daughter, stated that he knew that a delivery of the instrument was necessary to make it effectual to pass title, but made inquiry whether he could deliver it to the grantee and then have her return it to him to be retained during his lifetime, and was informed by the scrivener that he could, that he placed the instrument in the hands of the grantee, stating that it was the deed to her property and that after his death he wanted her to have it recorded, but that he wanted to keep the deed in his possession and to collect the rents and profits from the property as long as he lived, and that grantee held the deed only for a moment before handing it back to grantor, is sufficient to show a present intention of grantor to deliver the deed to grantee so as to pass title.  p. 362.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Eva G. McColley against Clara B. Binkley and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*F. F. James,* for appellant.

*C. W. Mount* and *Gifford & Gifford,* for appellees.

Nichols, J.—This was an action brought in the Tipton Circuit Court to set aside two deeds, to quiet title, and for partition of certain real estate, located in the city of Tipton, Tipton county, Indiana. There was a judgment in favor of the appellees. After motion for a new trial, the appellant prosecutes this appeal.

Errors relied upon for reversal are: (1) The court erred in its conclusions of law upon the special findings of fact. (2) The court erred in overruling the appellant's motion for a new trial

The appellant assigned as grounds for a new trial: (1) The finding of the court is not sustained by sufficient evidence. (2) The decision of the court is not sustained by sufficient evidence. (3) The finding of the court is contrary to law. (4) The decision of the court is contrary to law. Other grounds are assigned, but, for the purpose of this decision, it is not necessary to set them out.

The facts involved in this suit are set out in the special findings, which are as follows: "(1) That Henry Binkley and Mary E. Binkley, in their lifetime, were husband and wife, and owned as tenants by the entirety the following described tracts of real estate in Tipton county, Indiana, to wit: Lot three (3), Shank and Innis addition to the town, now city

of Tipton, Indiana; also lot one (1) in block thirteen (13), in the original plat of the town of Tipton, now city of Tipton, Indiana; also lot five (5) in block one (1), in John P. Kemp's First addition to the city of Tipton, Indiana.

"(2) That on or about the tenth day of September, 1907, the said Henry Binkley and Mary E. Binkley, husband and wife, executed a deed of warranty to Clara B. Binkley, a copy of which said deed is in the words and figures as follows, to wit:

"'This Indenture Witnesseth, that Henry Binkley and Mary E. Binkley, husband and wife, of Tipton county, in the State of Indiana, convey and warrant to Clara B. Binkley, of Tipton county, in the State of Indiana, for the sum of one dollar and other considerations, the following described real estate in Tipton county, in the State of Indiana, to wit: Lot three (3), Shank and Innis addition to the town, now city of Tipton, Indiana; also lot number one (1) in block thirteen (13), in the original plat of the town, now city of Tipton, Indiana. The grantors reserve a life estate in the property hereby conveyed. In witness whereof the said Henry Binkley and Mary E. Binkley, his wife, have hereunto set their hands and seals this........day of...............1900.

"'Henry Binkley        (Seal)
"'Mary E. Binkley    (Seal)

"'State of Indiana, Tipton County, SS.

"'Before me, the undersigned, a notary public in and for said county, this 10th day of September, 1907, Henry Binkley and Mary E. Bink-

ley, his wife, acknowledged the execution of the annexed deed.

" 'Witness my hand and notarial seal this 10th day of September, 1907.

" 'William R. Oglebay (Seal)

" 'Notary Public.

" 'My commission expires October 28, 1908.'

"(3) That by the following instrument in writing, to wit:

'Tipton, Indiana, September 10th, 1907, to W. R. Oglebay. This deed, executed by us as grantors to Clara B. Binkley as grantee, is now given to you for her, and is to be delivered to her by you at our death, subject to recall by the grantors and grantee, jointly and not otherwise. Witness our hands the day and year above written. Henry Binkley, Mary E. Binkley.'—

said deed above set out was delivered to William R. Oglebay as the agent of Clara B. Binkley, and so remained in his possession until his death, in the year 1912.

"(4) That after the death of said William R. Oglebay, his son, Fred S. Oglebay, without the order, direction or authority of any one, and without the knowledge and consent of Clara B. Binkley, grantee in said deed, delivered said instrument and deed in writing by which said deed was delivered to his said father, William R. Oglebay, to Mary E. Binkley, one of the grantors in said deed. That said deed was never at any time recalled by the grantors, Henry Binkley and Mary E. Binkley, and the grantee, Clara B. Binkley, jointly or in any other manner.

" (5) That said Mary E. Binkley died on the fourteenth day of April, 1915, and left surviving her the said Henry Binkley, her husband.

" (6) That on the eighth day of May, 1915, the said Henry Binkley executed a warranty deed to Emma K. Jolly, a copy of which deed was in the words and figures as follows, to wit:

" 'This indenture witness, that Henry Binkley, surviving husband of Mary E. Binkley, being unmarried and over the age of twenty-one years, of Tipton county, in the State of Indiana, convey and warrant to Emma K. Jolly, of Tipton county, in the State of Indiana, for and in consideration of one dollar and love and affection, the receipt of which is hereby acknowledged, the following described real estate in Tipton county, in the State of Indiana, to wit: Lot five (5) in block one (1), in John P. Kemp's first addition to the city of Tipton, Indiana, in witness whereof, the said Henry Binkley, unmarried and over the age of twenty-one years, has hereunto set his hand and seal this 8th day of May, 1915.

" 'Henry Binkley.  (Seal)

" 'State of Indiana, Tipton County, SS.

" 'Before me, the undersigned, a notary public, in and for said county and state, this 8th day of May, A. D. 1915, personally appeared the within named Henry Binkley, unmarried and over the age of twenty-one years, the grantor in the above conveyance, and acknowledged the same to be his voluntary act and deed, for the uses and purposes herein mentioned. In witness

whereof, I have 'hereunto subscribed my name and affixed my official seal.

" 'John A. Swoveland   (Seal)
" 'Notary Public.
" 'My commission expires January 15th, 1919.'

"(7) That the said Henry Binkley intended to retain within himself, by the terms of said deed, a life estate, but that by error and omission of the scrivener of said deed, said reservation was not recited in said deed.

" 'This indenture witness, that Henry Binkley, to the said Emma K. Jolly the said Henry Binkley delivered said deed to Emma K. Jolly, and that upon his request, and by mutual agreement of said Henry Binkley kept said deed in his possession after the delivery thereof as aforesaid.

"(9) That the said Henry Binkley collected the rents and profits from all the real estate hereinbefore described, paid the taxes and insurance on the same and exercised the control thereof until his death. That both the said deeds to the said Clara B. Binkley and the said Emma K. Jolly were in the secretary of the said Henry Binkley at the time of his death.

"(10) That the said Henry Binkley died on the fourth day of December, 1915, and left surviving him, as his sole and only heirs at law, or otherwise, the plaintiff, Eva G. McColley, a granddaughter, and only child of Nora Gary, deceased, who was a daughter of said Henry Binkley, she having died prior to the death of said Henry Binkley, and the defendants, Clara Binkley, Emma K. Jolly, and Harry A. Binkley, his children.

"(11) That Clara B. Binkley's deed was recorded

December 9th, 1916, in deed record 64, page 355, deed records of Tipton county, Indiana, and that Emma K. Jolly's deed was recorded same date in same record, page 354.''

There is no controversy as to the facts in this case, either as revealed by the evidence or as determined by the court in its findings. The controlling question relates to the delivery of the two deeds which the appellant is seeking to have set aside. In order that we may determine whether such a delivery has been made as will pass the title, it is necessary that we keep before us the following well-established principles of law:

1. It is elementary that a deed, though duly signed, sealed and acknowledged, is not effectual to convey title until it has been either actually or constructively delivered. This is as indispensable as any other formality which is required to impart validity to it as a solemn instrument of title. *Tharp* v. *Jarrell* (1879), 66 Ind. 52; *Love* v. *Wells* (1865), 25 Ind. 503, 87 Am. Dec. 375; *Vaughan* v. *Godman* (1884), 94 Ind. 191; *Fitzgerald* v. *Goff* (1884), 99 Ind. 28; *Quick* v. *Milligan* (1886), 108 Ind. 419, 9 N. E. 392, 58 Am. Rep. 49.

2. The intention of the grantor is the controlling element, and it may be manifested by words, acts or conduct. To constitute a delivery of a deed so as to pass the title, it is necessary that the grantor should intend to give present effect

3. to the instrument. *Townsend* v. *Millican* (1912), 53 Ind. App. 11, 101 N. E. 112; *Pethtel* v. *Pethtel* (1910), 45 Ind. App. 664, 90 N. E. 102; *Smithson* v. *Bouse* (1918), 67 Ind. App. 66, 118 N. E. 970; *Osborne* v. *Eslinger* (1900), 155 Ind. 351, 58 N. E.

439, 80 Am. St. 240; *Squires* v. *Summers* (1882), 85 Ind. 252.

An unconditional delivery of a deed to a third person for the use and benefit of the grantee, where the grantor intends to divest his title and to part

4. with all control of the instrument, is a sufficient delivery; but such delivery must be with the intention of parting with the possession, or control, of such deed. All dominion over it must be surrendered, and if the grantor reserves to himself any right to withdraw or recall such deed while in the hands of a third person, if by any act or volition he can recall it, then the delivery to the third person will not be effectual to convey title. *Emmons* v. *Harding* (1904), 162 Ind. 154, 70 N. E. 142, 1 Ann. Cas. 864; *Goodpaster* v. *Leathers* (1890), 123 Ind. 121, 23 N. E. 1090; *Jones, Admr.,* v. *Loveless* (1885), 99 Ind. 317; *Pethtel* v. *Pethtel, supra; Brown* v. *Brown* (1876), 66 Me. 316; *Osborne* v. *Eslinger, supra; Cook* v. *Brown* (1857), 34 N. H. 460; *Trask* v. *Trask* (1894), 90 Iowa 318, 57 N. W. 841, 48 Am. St. 446.

If a deed is once delivered with intent to invest the grantee with the title, the fact that it is returned to the grantor and kept by him will not divest the

5. title. *Little* v. *Eaton* (1915), 267 Ill. 623, 108 N. E. 727; *Osborne* v. *Eslinger, supra; Squires* v. *Summers, supra; Wall* v. *Wall* (1855), 30

6. Miss. 91, 64 Am. Dec. 147; *Bogie* v. *Bogie* (1874), 35 Wis. 659, 666; *Porter* v. *Cole* (1826), 4 Me. 18, 25. And such retention of a deed by the grantor is not inconsistent with its contemporaneous delivery, when a life estate in the property is reserved in the grantor. Such a reservation creates a presumption that the deed was intended to take effect

immediately as a conveyance of an estate. *Buck* v. *Garber* (1914), 261 Ill. 378, 103 N. E. 1059.

As appears by the finding of facts, when the deed executed by Henry Binkley and his wife to appellee Clara B. Binkley was delivered into the hands of William R. Oglebay, the following instruction in writing was delivered along with . it, to wit:

7.

> "This deed, executed by us, as grantors to Clara B. Binkley, as grantee, is now given to you for her and is to be delivered to her by you at our death, *subject to recall by the grantors and grantee, jointly and not otherwise.*"

With this instrument of writing in the hands of Mr. Oglebay, as the authority under which he was holding the deed in question, and by which he was authorized to deliver it to the grantee named therein, it is apparent that had the grantors and the grantee recalled the deed from his hands, had they demanded its return to the grantors, he would have been compelled to return it to them, and the title to the real estate described in the deed would have remained in them; but, if at the time of such attempted recall, the deed had passed beyond the control of the grantors, then it was delivered and had operated as a transfer of title, and its return to the grantors, even with the consent of both the grantors and the grantee, could not operate as a retransfer of the title, for, if a deed once becomes effective, it cannot be defeated by any act, either of the grantor or the grantee. Devlin, Real Estate §300. This deed had not reached this stage, for it was subject to recall, and hence had not passed beyond the control and dominion of the grant-

ors. We must hold that this deed is ineffective for want of delivery.

It appears from the evidence of witness Swoveland that at the time of the preparation of the deed by Henry Binkley to the appellee Emma K. Jolly the grantor requested the witness to prepare the deed for execution. At the time of signing and acknowledging, the wife of the grantor had died. In the conversation with him, at that time, he stated that he wanted to make the deed of that property (meaning the property described in the deed) to the appellee Emma K. Jolly "as he and mother had talked about." He further stated that he knew that it required delivery of the deed to pass title, and asked if he could deliver this deed to his daughter, and then have her give it back to him and let him keep it in his papers while he lived. The witness told him that he could, and that it would be a delivery, and that he could give it to his daughter and tell her to give it back to him, and he could keep it with his papers. He stated that he had reserved the life estate, and that he wanted to keep the deed with his papers while he lived. Witness Clara Fehlinger testified to the conversation that she heard between Henry Binkley and appellee Emma K. Jolly, at which time he went to the secretary, and took out the deed, and handed it to said appellee and said, "This is the deed to your property, the Dearborn street property." He said that after he had gone he wanted her to take it and have it recorded, that he wanted to keep it in his possession, and that he wanted to collect the rents and profits during his life. The witness saw him have the deed in his hand, and saw him hand it over to appellee Emma K. Jolly. She just held

the deed for a moment, and then handed it back to him again. There was clearly a present intention to deliver this deed at that time to the appellee Emma K. Jolly by this transaction, and, having so delivered it, the fact that the deed was returned to him and kept with his papers, under the authorities above cited, did not defeat the conveyance; and we hold that the title to the real estate described in said deed, at that time, passed to appellee Emma K. Jolly, and that the return of the deed to the grantor did not defeat the grantor's intention.

We are unable to determine, from the issues in this action, as to the equities involved between the parties, and we are not informed whether there are any questions of advancements that should be determined. Opportunity should be given to amend the pleading and reform the issues, if desired.

Judgment is reversed, with instructions to grant a new trial.