## CASSIDY *v.* WARD ET AL.

[No. 9,902. Filed June 20, 1919.]

1. APPEAL.—*Briefs.—Questions Presented.*—Any question with reference to the action of the trial court in overruling the motion to modify the judgment is waived by appellant's failure to set out the motion or the substance thereof, and by failure to state any specific point thereon, as required by the rules governing the preparation of briefs. p. 553.

2. APPEAL.—*Review.—Judgment.—Weight and Sufficiency of Evidence.*—The decision of the trial court must be sustained, if it

is supported in its material aspects by any competent evidence, although there may be other evidence from which a different conclusion might have been reached. p. 553.

3. EVIDENCE.—*Date of Execution of Mortgage.*—The date of a deed or mortgage only furnishes *prima facie* evidence of the date of its execution, which may be rebutted. p. 555.

4. DEEDS.—*Mortgages.*—*Date of Taking Effect.*—Deeds and mortgages become effective from the time of their execution, which includes their delivery to, and acceptance by, the grantee or mortgagee. p. 555.

5. VENDOR AND PURCHASER.—*Vendor's Lien.*—*Waiver.*—*Acceptance of Mortgage.*—Generally, where the vendor of land takes a mortgage to secure the unpaid purchase price, he thereby waives the implied equitable lien which he would otherwise have as security for its payment. p. 557.

6. APPEAL.—*Review.*—*Scope.*—*Issues Not Raised by Pleadings.*— Where, in an action to foreclose a mortgage on land, plaintiff appellant did not allege that she had a vendor's lien on the land involved, and cross-complainant did not present any such issue, but alleged that his mortgage was senior to that of plaintiff, thereby raising only the question of the priority between the two mortgages, appellant's contention that she had a vendor's lien was outside the issues presented and determined in the trial court and cannot be considered on appeal. p. 558.

From Perry Circuit Court; *William Ridley,* Judge.

Action by Leona M. Cassidy against John F. Ward and wife, in which Adoph Graves filed a cross-complaint against plaintiff and defendants. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Leo H. Fisher, John W. Ewing* and *Edmund S. Lincoln,* for appellant.

*Oscar C. Minor,* for appellee.

BATMAN, C. J.—Appellant brought this action against appellees John F. Ward and Marguerite Ward, husband and wife, on two promissory notes of $750 each, executed by said John F. Ward, and secured by a mortgage on certain real estate in Perry county, Indiana. The complaint is in a single

paragraph of the usual form, with the following additional averment: That said mortgage "was represented to be a first mortgage, and was to be dated the same day hereof as said notes, but the date was made on the 30th day of August, 1910, when said date should have been the 27th day of August, 1910, and said date was changed by mistake." Appellees Ward and Ward answered said complaint by a general denial. Appellee Adolph Graves was admitted as a party defendant on his own application, and answered appellant's complaint by a general denial. He also filed a cross-complaint against appellant and his coappellees, by which he sought to recover a judgment against his coappellees, Ward and Ward, on a promissory note for $1,500, and to foreclose a mortgage on the same real estate described in plaintiff's complaint, alleged to have been given to secure said note. Said cross-complaint alleges that the mortgage described therein was senior to appellant's said mortgage, and asked that it be so decreed. Appellant answered said cross-complaint by a general denial. Trial was had by the court, resulting in judgments against appellees Ward and Ward, in favor of appellant and appellee Graves, on their respective notes, the foreclosure of their respective mortgages, and an order for the sale of the real estate in satisfaction of said judgments, the mortgage of appellee Graves being decreed to be superior to the mortgage of appellant. Appellant filed a motion to modify the judgment, and also filed a motion for a new trial, both of which were overruled, and has assigned the action of the court in overruling her said motions as the errors on which she relies for reversal.

Any question with reference to the action of the

court in overruling the motion to modify the judgment has been waived by appellant, by failing

1.	to set out said motion, or the substance thereof, in her brief, and by failing to state any specific point thereon, as required by the rules governing the preparation of briefs. *M. Rumley Co.* v. *Major* (1917), 64 Ind. App. 41, 115 N. E. 337; *Robbins* v. *Bank, etc.* (1917), 186 Ind. 573, 117 N. E. 562; *Clifton* v. *McMains* (1916), 184 Ind. 539, 111 N. E. 801.

The sole question presented by this appeal relates to the priority of the liens held by appellant and appellee Graves on the real estate described by

2.	virtue of their respective mortgages. In considering this question, it should be borne in mind that, under the rules governing appeals, the decision of the trial court must be sustained, if it is supported in its material aspects by any competent evidence, although there may be other evidence from which a different conclusion might have been reached. *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775; *Elliot* v. *Elliot* (1916), 61 Ind. App. 209, 111 N. E. 813; *Toledo, etc., R. Co.* v. *Milner* (1916), 62 Ind. App. 208, 110 N. E. 756; *Caldwell* v. *Ulsh* (1916), 184 Ind. 725, 112 N. E. 518, Ann. Cas. 1918E 68; *Trout* v. *Woodward* (1917), 64 Ind. App. 333, 114 N. E. 467.

The evidence is contradictory in some particulars, and in others not entirely clear, but there is competent evidence which reasonably tends to establish the following facts: That appellant sold the real estate in question to appellee John F. Ward in August, 1910, for $3,000, one-half of which was to be paid in cash, and the remainder to be evidenced by notes, secured by a mortgage thereon; that, for the purpose

of securing the money with which to make said cash payment, said Ward called on appellee Graves and arranged for a loan of $1,500, and agreed to give him a mortgage on the land in question to secure the same; that on August 27, 1910, in pursuance of said arrangement, Graves gave Ward a check for said sum, and later on said day Ward, in company with a notary public, called upon appellant at her home for the purpose of consummating the purchase of said real estate; that, while there, appellant, who was a widow, signed, acknowledged and delivered to Ward a deed therefor, and Ward gave to her, as the cash payment agreed upon, the check for $1,500, which he had obtained from Graves for that purpose, and also delivered to her the two notes in suit of $750 each, bearing date of August 27, 1910, to evidence the balance due her for said real estate; that, on the same occasion, the notary public prepared, and Ward signed, a mortgage on the real estate in question to secure said two notes, being the mortgage described in appellant's complaint; that, as the wife of said Ward was not present to sign and acknowledge the mortgage, it was not delivered to appellant at that time, but was taken away for the purpose of obtaining the signature of Ward's wife thereto; that later, on the same day, Ward and the notary public went to the place of business of appellee Graves with the note and mortgage described in the cross-complaint duly prepared, where Ward completed their execution by delivering the same to Graves, by whom they were then accepted; that said note and mortgage each bore the date of August 27, 1910, and, at the time Graves accepted the same, he knew that one-half of the purchase money for said real estate had not been paid; that subse-

quently on August 30, 1910, the mortgage described in appellant's complaint, having been given the date last named, and having been duly signed and acknowledged by Ward and his wife, was delivered to appellant, who accepted the same as security for the two $750 notes, which Ward had theretofore delivered to her on August 27, 1910, to evidence the balance of the purchase price of said land; that the said mortgage of appellee Graves was duly recorded in the office of the recorder of Perry county, Indiana, on August 30, 1910, and the said mortgage of appellant was so recorded on September 2, 1910.

It will be observed that appellant has alleged in her complaint that her mortgage should have been dated August 27, 1910, and that it bore the date of August 30, 1910, by mistake. The fact that such a mistake was made, if it be a fact, did not affect appellant's rights, as the date of a deed or mortgage only furnishes *prima facie* evidence of the date of its execution, which may be rebutted. *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82. In this case the evidence, outside of the dates which the mortgages in question bear, tends strongly to show that the mortgage of appellee Graves was delivered to, and accepted by, him, prior to the day on which appellant's mortgage was delivered to her. It is well settled that instruments, such as deeds and mortgages, become effective from the time of their execution, which includes their delivery to, and acceptance by, the grantee or mortgagee. *Hoadley* v. *Hadley* (1874), 48 Ind. 452; *Krutsinger* v. *Brown* (1880), 72 Ind. 466; *Sims* v. *Smith* (1885), 99 Ind. 469, 50 Am. Rep. 99; *John Shillito Co.* v. *McConnell* (1891), 130 Ind. 41, 26 N. E. 832; *Mc-*

*Colley* v. *Binkley* (1919), 69 Ind. App. 352, 121 N. E. 847. Applying this well-settled rule to the facts which the evidence in this case tends to establish, as stated above, it is clear that the mortgage of appellee Graves was executed and became effective prior to that of appellant.

But appellant contends that, although the mortgage of appellee Graves may have been executed and became effective prior to her mortgage, nevertheless, it should not have been decreed to be senior thereto. In support of this, she calls our attention to the fact that all of the notes in suit are dated August 27, 1910; that her notes mature five years after date, while the note of appellee Graves does not mature until six years after date, and cites certain decisions of this state which hold that a mortgage given to secure the payment of several notes, payable at different times, must be considered as if there were as many different successive mortgages as there are notes, and the holder of the note first maturing will be considered as having priority, and the holder or holders of the remaining notes will come in in the same order in which said notes mature. It must be apparent, however, that this rule can have no application to a case like the one at bar, where the several notes involved are secured by different mortgages, executed on different dates.

Appellant also cites the doctrine of instantaneous seizin, which has been applied for the purpose of preserving the priority of a purchase-money mortgage, executed at the time the vendor parts with his title to the real estate covered thereby, as against a mortgage thereon executed by the vendee prior thereto. Again it must be apparent that this doctrine can have

no application under the facts of this case, as the uncontradicted evidence shows that appellant's mortgage on the real estate in question was not *executed* at the time she delivered her deed to said real estate to appellee John F. Ward.

It is further contended by appellant that she had a vendor's lien on the real estate in question, as security for her two notes of $750 each; that her acceptance of a mortgage on the real estate to secure the same did not constitute a waiver of her said vendor's lien; and that, by reason of that fact, the court erred in its decree with reference to the priority of the mortgage in suit. As pertinent to this question, it should be noted that, as a general rule, where the vendor of land takes a mortgage thereon to secure the unpaid purchase price therefor, or a part thereof, he thereby waives the implied equitable lien, which he would otherwise have as security for its payment. *Harris* v. *Harlan* (1860), 14 Ind. 439; *Mattix* v. *Weand* (1862), 19 Ind. 151; *Wilson* v. *Hunter* (1868), 30 Ind. 466; *Fouch* v. *Wilson* (1877), 60 Ind. 64, 28 Am. Rep. 651; *Anderson* v. *Donnell* (1879), 66 Ind. 150; *Richards, Gdn.,* v. *McPherson* (1881), 74 Ind. 158; *Robbins* v. *Masteller* (1897), 147 Ind. 122, 46 N. E. 330. As said by the court in the case first above cited, on page 440: "By taking a mortgage to secure the unpaid purchase money, the vendor waived the implied equitable lien which he otherwise might have had for the payment thereof, and created an express lien. Although the implied and express liens are both intended to effect the same purpose, and both on the same property, yet they are, in their nature, so different, that they cannot both exist as to the same object, at the same time,

and for the same purpose, because they are inconsistent. One is a mere equity based upon the idea that the vendee holds the legal estate in trust for the payment of the vendor. The other puts the legal title in the vendor, and makes him the trustee—destroys, or at least merges, the implied lien, by creating the express lien, and throwing the trust on the vendor, the mortgagee.''

It has also been held that, when a vendor's lien has once been waived, it cannot be revived. *Mattix* v. *Weand, supra; Richards, Gdn.,* v. *McPherson, supra; Nutter* v. *Fouch* (1882), 86 Ind. 451; *Buffalo, etc., Quarries Co.* v. *Davis* (1910), 45 Ind. App. 116, 90 N. E. 327.

Appellant has cited a number of cases in this state which she insists conflict with the rule first above stated on the question of waiver, but an examination of these cases discloses that any apparent conflict may be readily explained from the particular facts and circumstances involved. But it is unnecessary to resort to this rule in order to sustain the decision of the trial court, as, under the issues in this case, no question can properly arise as to the priority between the mortgage of appellee Graves and an implied equitable lien for the unpaid purchase money in favor of appellant. An examination of the complaint discloses that she does not allege that she has a vendor's lien on the real estate, and ask that it be enforced. Appellee Graves by his cross-complaint does not present any such issue, but alleges that his mortgage is senior to the mortgage of appellant, which is met with an answer of general denial. Thus an issue of priority between the two mortgages was clearly made, and, as no other issue of priority was

tendered, the correctness of the court's ruling must be determined in the light of such issue, and not in the light of an issue that might have been tendered. Under this state of the record, we are forced to conclude that appellant's contention with reference to the existence of a vendor's lien in her favor is outside of the issues presented and determined in the trial court. *Hull* v. *Mechanics Building, etc., Assn.* (1914), 56 Ind. App. 449, 105 N. E. 573.

Appellant has also discussed the rule involving the question of presumption of payment arising from the acceptance of a note governed by the law merchant, and also a rule involving the merger of legal and equitable liens, but, as these rules can have no controlling influence on the sole question presented for our determination on this appeal, their consideration is unnecessary. For the reasons stated, we conclude that the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.