HARPE *v.* BEUOY.

[No. 20,196. Filed April 14, 1966. Rehearing denied May 4, 1966. Transfer denied December 6, 1966.]

*Russell S. Armstrong,* of Evansville, for appellant.

*Ralph P. Zoercher,* of Tell City, for appellee.

SMITH, P. J.—This is an action filed by the appellant-plaintiff against the appellee-defendant to recover damages for personal injuries suffered by the appellant as a result of an automobile collision between the two parties.

The relevant facts as evidenced by the record evidence are that the collision occurred at an intersection in Tell City, Indiana in the early evening of September 8, 1962. The intersection was unmarked as there were no traffic signs on any of the four corners of the intersection. The appellant was approaching the intersection in her automobile from the south on Fifteenth Street in that city. By the appellant's own testimony she admitted she first observed the appellee's automobile about the time she was one hundred feet from the intersection. However, the appellant did not attempt to apply the brakes of her automobile, but instead looked away and the

next time she observed the appellee's automobile she was only twenty feet from the intersection and unable to avoid the collision. There was no evidence that the appellant ever applied her brakes to avoid the accident. On the contrary the appellant testified that at the time she finally observed the appellee for the second time she accelerated the speed of her automobile.

The appellant's complaint was based on the alleged negligence of the appellee in the operation of his automobile, to-wit: Failing to yield the right of way to the appellant; failing to maintain a proper and adequate lookout; failing to operate his automobile in a manner to avoid colliding with and running into the automobile being driven by the appellant; failing to reduce the speed of his automobile as he approached the intersection; driving at an excessive speed; and finally in failing to sound any warning of his approach.

The appellee's answer admitted the immaterial and denied the material allegations of appellant's complaint. In addition the appellee filed two affirmative paragraphs of answer alleging that the appellant was guilty of contributory negligence; and that the appellant could have and did see the peril of the collision in time to have averted the same and failed to do so.

Trial was by court without the intervention of a jury. The court found for the defendant-appellee and against the plaintiff-appellant; and entered judgment against the plaintiff-appellant.

The sole assignment of error raised in this appeal is the overruling of the appellant's motion for a new trial. Specifically the appellant has urged two general errors.

The first error advanced is that the decision of the trial court is *contrary to law* in that there is an insufficiency of evidence to sustain the court's decision that the appellant was contributorily negligent; that the undisputed evidence clearly establishes the fact that the appellee was negligent in the operation of his automobile; that as a proximate result of the

negligence of the appellee, the appellant suffered injuries; that, therefore, the court was in error in rendering its decision for the appellee; and for these reasons it was error to overrule the motion for a new trial.

In answering this contention the only function this Court need perform is to review the record evidence to determine if there is substantial, reliable and probative evidence which will support the decision and judgment of the trial court. This Court is of the opinion that there is ample, substantial evidence of a probative value to support a finding that the appellant was guilty of contributory negli‑ gence and, therefore, was denied recovery. By her own testi‑ mony the appellant admitted she observed the appellee's automobile at a time when she may have been able to have avoided the collision. Instead of taking such evasive action she looked away and then observed the appellee again when it was too late to avoid the collision; and still she made no attempt to apply the brakes of her automobile in order to minimize the force of the impact but rather she accelerated the speed of her automobile. In view of this testimony it ap‑ pears to this Court that not only is the trial court's decision supported by the evidence but it would be difficult to imagine how the court could not have found from the evidence pre‑ sented that the appellant was not guilty of contributory negli‑ gence. Therefore, we hold this contention of the appellant is without merit as the court's decision is supported by sub‑ stantial, reliable and probative evidence.

The only other error relied upon by the appellant is the contention that the court erred in admitting the testimony of one Duane Richards relative to certain skid marks found near the scene of the accident. One of the appellant's witnesses testified that he noted what he referred to as "chatter marks" in the vicinity of the appellee's vehicle shortly after the acci‑ dent. The witness explained these marks as being a "skip" then a "skid" another "skip" and then a "skid" and so forth. Three of appellee's witnesses testified that after the acci‑

dent there were skid marks in a straight line for nearly half a block to the rear of the appellee's automobile. The appellee's attorney then directed the disputed question to the witness Richards as to whether or not these alleged "chatter marks" might not have been made by another person, one Mr. Lain, a neighbor who resided in a house in close proximity to the place of the accident. The appellant objected to the introduction of this evidence on the ground that it was immaterial, irrelevant and improper. The objection was overruled and the witness Richards was allowed to testify that the so styled "chatter marks" may have been caused by a person other than the appellee.

Assuming, without deciding, that the appellant's objection to this testimony was a valid one, such evidence would not constitute reversible error on appeal. This rule has been clearly stated in the case of *Seymour Imp. Co.* v. *Viking Sprinkler Co.* (1928), 87 Ind. App. 179, 197, 161 N. E. 389. In this case this Court spoke as follows:

> "Where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, the ■ admission of incompetent, irrelevant and immaterial evidence is not cause for reversal." (Citing cases)

However, the rule is equally well settled that if it appears from the record that the court's decision was based ■ upon the incompetent evidence, the judgment will be reversed. *Buffalo Etc. Quarries Co.* v. *Davis* (1910), 45 Ind. App. 116, 90 N. E. 327.

In the case before us there is ample, competent evidence, as recited above, from the lips of the appellant herself that would justify a court to hold her as contributorily negligent. ■ Therefore, the admission of such testimony as to the origin of the skid marks was harmless error.

In light of the above discussion it appears to this Court that there was no reversible error; and, therefore, the decision and judgment of the trial court is hereby affirmed.

Bierly, Hunter and Mote, J.J., concur.

NOTE.—Reported in 215 N. E. 2d 553.