HERMAN LEVINS, Respondent, *v.* MOE BUCHOLTZ, Appellant.

First Department, October 9, 1956.

*George J. Conway* of counsel (*Garvey & Conway,* attorneys), for appellant.

*Minot & Zasloff* for respondent.

*Per Curiam.* We allowed leave to appeal from the determination of the Appellate Term in this matter out of concern for the impression that may have been drawn from the opinion of the Appellate Term that a judgment of the Small Claims Part of the Municipal Court might rest entirely upon hearsay evidence and be beyond challenge on appeal on the ground that substantial justice had not been done according to the rules and principles of substantive law.

While the hearsay rule is a rule of evidence and the improper admissibility of hearsay evidence may not amount to a substantial injustice warranting a new trial, we would have no hesitancy in saying that a decision which rests wholly on

hearsay evidence cannot stand in any court, even the Small Claims Part of the Municipal Court, where the court is not bound by rules of evidence. A decision not resting on a sounder base than hearsay alone would not be according to rules and principles of substantive law.

We have, therefore, closely examined the record in this case to determine whether or not the decision can be supported on the basis of evidence that was not hearsay. We have come to the conclusion that it can be so supported and that a proper judgment was rendered.

The court heard evidence of a conversation between plaintiff and defendant, clearly admissible as an admission by the defendant, and heard the defendant himself. There was ample warrant in the evidence so received for the court to find that it was defendant's car which had inflicted the property damage on plaintiff's car. The hearsay evidence in this context was no more than an occasion for inquiry. It was not made the predicate of liability.

The determination appealed from should be affirmed, with costs to respondent.

PECK, P. J., BOTEIN, RABIN, FRANK and VALENTE, JJ., concur.

Determination unanimously affirmed, with costs to the respondent.