Eugene J. BROOKHOUSE, Guardian ad Litem for Dawn D. Spencer, Plaintiff-Appellant, †

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Sheryl L. (Wisland) Miller, Defendants-Respondents.

Court of Appeals

No. 85–0443. Submitted on briefs January 26, 1986.— Decided March 5, 1986.

(Also reported in 387 N.W.2d 82.)

† Petition to review denied.

For the plaintiff-appellant, the cause was submitted on the briefs of *Paul Gagliardi* and *Richard Alan Ginkowski* of *Madrigrano, Gagliardi, and Zievers, S.C.* of Kenosha.

For the defendants-respondents, the cause was submitted on the brief of *O'Connor & Warren, S.C.* of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   The major issue is whether the strict time limitations of sec. 805.16, Stats., regarding motions after verdict, may be relaxed by sec.

801.15(2)(a), Stats., permitting enlargement of specified time periods upon a showing of excusable neglect. We sustain the trial court's holding that sec. 801.15(2)(a) may not be so used. The trial court therefore correctly ruled that it lost competency to exercise jurisdiction because the motions were not filed within twenty days after verdict.

Eugene J. Brookhouse, guardian *ad litem* for Dawn D. Spencer, is plaintiff-appellant. State Farm Insurance Company and Sheryl L. (Wisland) Miller are defendants-respondents. This action for personal injuries commenced to jury trial on December 10, 1984. A verdict was returned on December 14, finding no liability on defendant Miller's part. The trial court, on its own motion, set January 24, 1985 as the date to hear motions after verdict. On that date, plaintiff filed a motion to enlarge the time period for filing motions after verdict and, in the alternative, filed a motion for a new trial. Thereafter, the trial court ruled that it lost competency to exercise jurisdiction because of sec. 805.16, Stats.

Amendments to secs. 805.14(5)(a) and 805.16, Stats., became effective on July 1, 1984. *See* S.Ct. Order, 118 Wis. 2d xiii–xiv (1984). As amended, sec. 805.14(5)(a) provides in part:

> (5) **Motions after verdict.** (a) *Motion for judgment.* . . . If no motion after verdict is filed within the time period specified in s. 805.16, judgment *shall* be entered on the verdict at the expiration thereof. [Emphasis added.]

Section 805.16 provides in part:

**Time for motions after verdict.** Motions after verdict *shall* be filed and served within 20 days after the verdict is rendered. [Emphasis added.]

The prior version of sec. 805.16 gave the trial judge discretion to set dates for filing and hearing motions after verdict. As a Judicial Council Note explained, the new version established a mandatory twenty-day time period because "[t]he prior rule encouraged frivolous motions and caused unnecessary hearings." S.Ct. Order, JUDICIAL COUNCIL NOTE, 1984, 118 Wis. 2d xiv (1984).

The plaintiff asserts, however, that the trial court had the power to disregard the failure to file in a timely manner because of sec. 801.15(2)(a), Stats. This section states in part:

> When an act is required to be done at or within a specified time, the court may order the period enlarged but only on motion for cause shown and upon just terms. . . . If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

Thus, sec. 801.15(2)(a) allows enlargement of specified time periods if based upon excusable neglect. The plaintiff alleges that the trial transcripts were not completed within the twenty-day time period as grounds for excusable neglect.

Plaintiff's reliance on subsec. (2)(a) is contradicted, however, by subsec. (2)(c) of the same statute, which mandates that "[t]he time . . . for motions after verdict under sec. 805.16 . . . may not be enlarged." Subsection (2)(c) therefore appears to except motions

after verdict from the general grant of power found in (2)(a).

The plaintiff acknowledges subsec. (2)(c) but claims it is directory, not mandatory. The plaintiff argues that, under the well-known general rule of statutory construction, "may" is construed as permissive and "shall" is construed as mandatory unless a different construction is demanded in order to carry out the legislature's intent. *City of Wauwatosa v. Milwaukee County,* 22 Wis. 2d 184, 191, 125 N.W.2d 386, 389 (1963). The plaintiff apparently concludes that subsec. (2)(c) does not absolutely prohibit subsec. (2)(a) from being used in motions after verdict situations but merely expresses a preference that it not be used unless there is a compelling reason.

The argument is misplaced. The distinction is not between "shall" and "may" but between "may" and "may not." "May not" is a negative term. Where statutory restrictions are couched in negative terms, they are usually held to be mandatory. 2A Sutherland, Statutory Construction § 57.09 (4th ed. 1984). Negative words in a grant of power should never be construed as directory. *Id.* Where an affirmative direction is followed by a negative or limiting provision, it becomes mandatory. *Id.* Thus, where the statute says that the time for motions after verdict may not be enlarged, these are negative words regarding the grant of power. We hold that the language is mandatory.

Although we need not resort to the history of the rule to construe the statute, it is helpful to relate what the Judicial Council Committee's Note to this section says. The Note explains that the granting of "enlargement[s] of time" for motions after verdict "would sub-

stantially impair the finality of judgments." *See* S.Ct. Order, *Judicial Council Committee's Note,* 73 Wis. 2d xxxi, xxxv (1976).[1] This clear statement confirms our understanding of the rule.

The plaintiff contends that even if the trial court lost competency to exercise jurisdiction, we should invoke our power under sec. 752.35, Stats., in the interests of justice to accomplish the same result asked of the trial court. *See Jos. P. Jansen Co. v. Milwaukee Area District Board of Vocational, Technical & Adult Education,* 105 Wis. 2d 1, 10, 312 N.W.2d 813, 817 (1981).

In order to grant a new trial in the interests of justice, an appellate court must be convinced, when reviewing the record as a whole, that there has been a miscarriage of justice or that the real controversy has not been fully tried. *State v. Wyss,* 124 Wis. 2d 681, 734, 370 N.W.2d 745, 770 (1985). To reverse on miscarriage of justice grounds, we are required to find a substantial probability of a different result on retrial. *Id.* If we find

---

[1] Two commentators observed that even prior to present sec. 801.15(2)(c), Stats., the new Rules of Civil Procedure, effective January 1, 1976, did *not* entitle movants to extensions of time for motions after verdict upon a showing of good cause unless the good cause was the trial judge's disability. *See* Clausen and Lowe, The New Wisconsin Rules of Civil Procedure Chapters 801–803, 59 Marq. L. Rev. 1, 30 (1976). These commentators attacked even the limited access to "good cause" provided by this rule, stating that: "The effect of such a rule will be to impair substantially the finality of judgments." *Id.* Subsequently, the reference to disability as a grounds for good cause was deleted (*see* S.Ct. Order, 73 Wis. 2d xxxiv, xxxv (1976)). The Judicial Council Note, noted in the body of the opinion with language almost verbatim to that used by the commentators in their criticism, appeared thereafter.

that the real controversy has not been tried, we are not so bound. *Id.* at 735, 370 N.W.2d at 770.

The plaintiff chiefly complains that there is no rational basis for the jury's finding of no negligence on the part of the defendant. The plaintiff was a pedestrian walking on what she asserts was a well-lit village street during a clear, dry night. The defendant driver, she claims, had ample opportunity to see her. There is other testimony in the record, however, that the plaintiff was wearing dark clothing, was traveling in the same direction as the automobile and that the accident occurred in a stretch of road that was unlit. There was further testimony that plaintiff was walking along the left side of the road and made a move into the road. The jury obviously chose an inference consistent with no liability on defendant's part. This inference has support in the record. We can neither conclude that a different result would be obtained upon a new trial nor that the real controversy has not been fully tried.

Other alleged errors are that the trial court failed to allow introduction of three photos attempting to simulate the accident scene, failed to allow cross-examination of the defendants' expert on the effect of defendant's having had three rum and Cokes and instructed the jury on the pedestrian's duty when crossing the highway. These are all matters resting within the trial court's discretion. *See State v. Wollman,* 86 Wis. 2d 459, 464, 273 N.W.2d 225, 228 (1979). We find nothing here justifying a new trial in the interests of justice under either of the *Wyss* standards. We concur with the trial court finding that the pictures would station the plaintiff in a spot not supported by the record.

As to the expert opinion, the trial court did not err in holding that the witness was unqualified to give an opinion about the defendant's actual blood alcohol levels. Finally, the instruction was justified because there was evidence that the plaintiff walked along the left side of the highway but the accident occurred somewhere near the center of the roadway. An inference can therefore be made that plaintiff was crossing the roadway. No new trial is mandated.

*By the Court.*—Judgment affirmed.