# HARTFORD INSURANCE COMPANY, Kevin Marks and Mary Marks, Plaintiffs-Appellants-Petitioners,

v.

# Jay R. WALES, Lawrence A. Wales and U.S. Fire Insurance Company, Defendants-Respondents.

Supreme Court

*No. 85–2116. Argued March 3, 1987.—Decided June 3, 1987.*

(Review of a decision of the court of appeals.)

(Also reported in 406 N.W.2d 426.)

For the plaintiffs-appellants-petitioners there were briefs and oral argument by *Charles P. Reiter,* Milwaukee.

For the defendants-respondents there was brief by *Werner E. Scherr* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee, and oral argument by *Werner E. Scherr.*

HEFFERNAN, CHIEF JUSTICE. This is a review of the order of the court of appeals which dismissed the appeal of plaintiffs, Hartford Insurance Company and Kevin Marks and Mary Marks, from a judgment of the circuit court for Milwaukee county, Clarence R. Parrish, circuit judge. We vacate the order of dismissal and remand the cause to the court of appeals for its consideration of the plaintiffs' appeal.

The question presented is whether a party's failure to file postverdict motions in the trial court within twenty days following verdict, as set forth in sec. 805.16, Stats., deprives the court of appeals of jurisdiction to consider an appeal from the judgment on the verdict which followed the trial court's determination that the motion was too late for the trial court to consider the questions raised in the tardy postverdict motions.

We conclude that the failure to present timely postverdict motions does not deprive the court of appeals of jurisdiction to review the judgment that followed. Such failure does, however, limit the issues that may be asserted as a matter of right on the

510

appeal. Although the issues intended to have been raised on motions after verdict may not be asserted as of right in support of the appeal, the appeals court has jurisdiction over a timely appeal and may in its discretion conclude that, in the interest of justice, the issues not assertable as a matter of right may nevertheless be reviewed.

This review arises out of the following facts. Kevin Marks (Marks) was a nurse's assistant in St. Michael's emergency room when a patient, Jay Wales (Wales), was brought in for emergency treatment for an alleged drug overdose. Wales was combative and, in the course of attempting to transfer Wales from the ambulance to a hospital table, Marks was injured. The injury allegedly required two surgical procedures, extensive therapy, and a protracted absence from work. A lawsuit followed, in which Marks, his wife, and his insurance company sued to recover damages from Wales and his household liability insurer. The cause of action for negligence resulted in a jury verdict on July 1, 1985, finding no negligence. Ten days after verdict, the defendants moved for judgment on the verdict, and a hearing was noticed by the defendants for fifty-two days following the verdict. The plaintiffs first moved for postverdict relief on August 15, 1985. On August 20, 1985, the circuit court denied the plaintiffs' motion on the grounds that it did not have jurisdiction to consider motions when filed more than twenty days following the verdict.

Judgment on the verdict dismissing the complaint was entered on September 26, 1985, and appeal from the judgment was filed on November 8, 1985. The appeal was timely.[1] Also, it is apparent that the

---

[1] Appeal in a civil case must be taken within ninety days from

judgment was a final one and, as such, was appealable as of right under sec. 808.03(1), Stats.[2]

Following the appeal from the judgment, the defendants moved the court of appeals to dismiss the appeal, claiming that "the Court of Appeals lacks jurisdiction by reason of the plaintiffs-appellants' waiver of all rights to appeal on any issue by reason of their failure to comply with Section 805.16, Wis. Stats."[3]

The court of appeals responded to this motion by an order dismissing the appeal. That order, dated January 17, 1986, recited:

> "It has been consistently held that no error of the trial court is reviewable as a matter of right on appeal without giving the trial court an opportunity to be apprised of and to correct the error and order a new trial if necessary. *Herkert v. Stauber*, 106 Wis. 2d 545, 561, 317 N.W.2d 834, 841 (1982)

the entry of judgment or within forty-five days of the entry of judgment if the notice of entry of judgment is served. *See*, D. Walther, P. Grove, and M. Heffernan, *Appellate Practice and Procedure in Wisconsin*, sec. 5.2; sec. 808.04, Stats.

[2]Section 808.03(1), Stats., provides, "A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals . . . ."

[3] "**805.16 Time for motions after verdict.** Motions after verdict shall be filed and served within 20 days after the verdict is rendered. The dates for hearing arguments on motions shall be not less than 10 nor more than 60 days after verdict. If an order granting or denying a motion challenging the sufficiency of evidence or for a new trial is not entered within 90 days after the verdict, the motion shall be deemed denied. Notwithstanding the foregoing, a motion for a new trial based on newly discovered evidence may be made at any time within one year after verdict. Unless an order granting or denying the motion is entered within 30 days after hearing, the motion shall be deemed denied."

(citation omitted). By failing to timely file motions after verdict, the plaintiffs deprive the trial court of an opportunity to correct its own error. *Jos. P. Jansen v. Milwaukee Area Dist., Etc.,* 105 Wis. 2d 1, 10, 312 N.W.2d 813, 817 (1981)."

It is apparent that the legal propositions stated in the court of appeals order are correct. It is nevertheless a non-sequitur to conclude that, because issues cannot be raised, the appeal must be dismissed. If the only issues that are sought to be asserted in an attack on a judgment for procedural or substantive reasons cannot be asserted, the judgment must be affirmed. The law which the court of appeals recites in its order does not in any way, however, implicate its jurisdiction to decide the appeal. The law relied on in its order merely limits the scope of the attack which may be mounted by the appellant as of right. Neither of the cases cited by the court of appeals in its order resulted in the dismissal of the appeal, nor did those opinions state that the appellate court's jurisdiction to hear and decide the appeal was vitiated. While *Jos. P. Jansen v. Milwaukee Area Dist., Etc.,* 105 Wis. 2d 1, 312 N.W.2d 813 (1981), cited in support of the court of appeals order, held that, as the consequence of the failure of an appellant to conform to the time strictures of sec. 805.16, Stats., the circuit court "lost competency to exercise its jurisdiction" (105 Wis. 2d at 10), it says nothing of the kind in respect to the jurisdiction of the court of appeals. *Jansen,* rather, provides, "an appellate court is not foreclosed from invoking its power under secs. 751.06 and 752.36 ...." Thus, *Jansen's* holding is diametrically opposed to the interpretation given to it by the court of appeals. In *Jansen,* this court pointed out that the court of appeals had jurisdiction of the appeal and could

exercise its discretion to determine whether a new trial should be ordered in the interests of justice. Hence, under *Jansen,* the proper order in this case, depending upon the exercise of discretion, is either to affirm the judgment or to order a new trial in the interests of justice.

The other precedent relied upon for the order of dismissal, *Herkert v. Stauber,* 106 Wis. 2d 545, 561, 317 N.W.2d 834 (1982), expresses the same holding—not that the appellate court is deprived of jurisdiction on the appeal, but that on appeal the appellant cannot assert certain objections to the judgment because the objections were waived by the failure to make the required motion which would have brought alleged errors to the attention of the circuit court and would have allowed it to correct its own errors. Such a waiver, as the cases cited by the court of appeals indicate, has nothing to do with the jurisdiction of the court of appeals to decide the appeal. All the waiver does—and it may be a significant waiver—is to eliminate grounds for the appeal that the appellant, in the absence of waiver, would be able to assert *as of right.*

Thus, we conclude the very cases cited in the order of the court of appeals lead inexorably to either an affirmance or a reversal of the judgment in this case, not to a dismissal of the appeal. It is possible, of course, that the court of appeals understood that it had jurisdiction to exercise discretion in the interests of justice but chose not to do so. If, however, such was the case, it failed in this instance to demonstrate the exercise of discretion. In any event, the refusal or failure to exercise discretion in the interests of justice should have resulted in an affirmance of the trial court's judgment.

■ Rather than merely pointing out that the court of appeals order is not supported by the authorities upon which it relied, we refer to those cases that explain the genesis and purpose of the rule that errors that are not specifically and timely called to the attention of the trial court cannot be asserted as of right as grounds for reversal on appeal. The general rule is that:

> "[N]o error is reviewable on appeal as a matter of right without first moving in the trial court for a new trial bottomed on such error, if the error is of a category that the trial court could correct by granting a new trial." G. Currie & N. Heffernan, *Wisconsin Appellate Practice Procedure* 35 (ATS CLE 1975).

■ A perusal of the record here reveals that the plaintiffs' motion was for a new trial on the ground that there was no evidence to support the verdict and on grounds that either the instructions were erroneous or that requested instructions were improperly refused. It is apparent that the type of relief sought by the plaintiffs was of the nature contemplated by motions under sec. 805.16, Stats.—relief that was required to be sought by motion within twenty days of verdict. Clearly, the motion brought on August 15, 1985, six weeks later, came too late. Section 805.16, requires all motions of this nature to be brought within twenty days. Because plaintiffs did not do so, the circuit court lacked the competency to exercise its jurisdiction to decide the motions. As *Jansen, supra* at 10, holds, a motion of the type contemplated by sec. 805.16 which is tardily brought cannot be heard

because the court "lost competency to exercise its jurisdiction." It should be noted that sec. 805.16 does not purport to address the question of the jurisdiction or competency of the court of appeals to address issues once an appeal is taken.

Jurisdiction of an appeal is primarily determined by two statutes.[4] Section 809.10, provides that, when a notice of appeal is timely filed, the court of appeals has jurisdiction over the appeal. That this is the document that confers jurisdiction is made clear by the comments of the Judicial Council, which point out that, under the prior statute, jurisdiction was acquired upon the entry of an appealable order in the trial court, whether or not personal jurisdiction was acquired. Because now the notice of appeal can only be filed after proper service, appellate court jurisdiction stems from the filing of the notice of appeal from an appealable order. *See,* Walther, *supra,* sec. 5.4; *see also,* Rules 809.80(2) and 801.14(4).

There is no contention here that the order was not appealable or that it was not final.

Additionally, sec. 809.10(4), Stats., provides that:

"An appeal from a final judgment or final order brings before the court all prior nonfinal judgments, orders and rulings adverse to the appellant and favorable to the respondent made in the action or proceeding not previously appealed and ruled upon."

---

[4] A relevant constitutional provision is art. I, sec. 21(1), Wis. Const., "Writs of error shall never be prohibited, and shall be issued by such courts as the legislature designates by law." Section 808.02, Stats., provides, "A writ of error may be sought in the court of appeals."

Thus, it is apparent that the appellate court has "jurisdiction" of all rulings antecedent to the judgment. This, of course, is irrelevant to the scope or manner of the exercise of the appellate court's jurisdiction, for the mere fact that the ruling or order is jurisdictionally before the court does not mean a ground for upsetting that ruling or order can be asserted as of right if that ground or objection was not preserved.

The scope (or limitation) of the exercise of that jurisdiction where the proper objection or motion has not been made is pointed out in sec. 752.35, Stats.[5]

Section 752.35, Stats., allows the court of appeals to exercise its discretion to consider, as a part of plaintiffs' appeal, the issues raised by plaintiffs in their untimely motion in the circuit court, notwithstanding that the trial court was not given an opportunity to consider those issues before ordering judgment on the verdict. Under sec. 752.35, the court of appeals had jurisdiction to hear the appeal whether or not the motions on the particular issues were timely made. But the right on appeal is the right of the appeals

---

[5] "**752.35 Discretionary reversal.** In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

court to exercise discretion. It is not a matter to be asserted as of right by the appellant.

This is not new law. It is old law viewed in a slightly different context.

Numerous Wisconsin cases have held that a party's failure to properly or timely raise issues in the trial court by postverdict motions results only in a waiver of the opportunity for an appeal *as of right* on those issues. The reviewing court does not lose jurisdiction to consider such issues but may consider them in its discretion.

In *Wells v. Dairyland Mut. Ins. Co.,* 274 Wis. 505, 514, 80 N.W.2d 380 (1957), the defendant failed to raise by postverdict motion "the error of the trial court in submitting a duplicitous verdict." It attempted to raise that issue on appeal. This court held that "submission to the jury of a duplicitous verdict [is] the type of error which must be properly raised in the trial court after verdict in order to have this court award a new trial therefore *as a matter of right, and not discretion."* 274 Wis. 2d at 515–16 (emphasis supplied). The *Dairyland* court concluded:

> "We deem the correct rule to be that no error of the court should be reviewable *as a matter of right* on appeal without first moving in the trial court for a new trial bottomed on such error, if the error is of a category that a trial court could correct by granting a new trial. Sec. 251.09, Stats., authorizes this court *in its discretion* to grant a new trial whenever we deem that there has been a miscarriage of justice. The exercise of such power is not dependent on whether the aggrieved party protected his rights by objection or motion in the trial court. While this power is sparingly exercised by this court, we do not hesitate to employ it in

hardship cases to prevent a miscarriage of justice."
274 Wis. at 518.

*Dairyland* makes clear that there are two types of trial errors that may be challenged on appeal: (1) Those which the appellant has a right to raise and have considered on appeal, and (2) those which the court of appeals may consider in its discretion. There is no "third category" of trial errors which the court of appeals lacks jurisdiction to consider. Failure to comply with time limits and other procedural requirements in the course of challenging a trial error in the trial court in cases where the appeal is from a final order and is timely simply moves the error from the first category to the second. The aggrieved party no longer has the right to have the particular error reviewed in the course of the appeal but still has an opportunity to request that the reviewing court consider the error in its discretion when exercising jurisdiction of the appeal.

In *Gallagher v. Schernecker*, 60 Wis. 2d 143, 146, 208 N.W.2d 437 (1973), this court noted that the reviewing court, under the then existing statutes, had subject matter jurisdiction from the time an appealable order or judgment is entered.[6] A reviewing court

---

[6]*See,* Comments of Judicial Council Committee's Notes 1978 to sec. 809.10(1)(b), Stats. The reason for change was the fact that the old law allowed interminable delay in acquiring personal jurisdiction.

"The result was that a judgment of a trial court in Wisconsin was never completely final because even after the expiration of the time for an appeal a party could still appeal, and if the respondent failed to object or take some step that could be considered as participating in the appeal prior to objecting, the Supreme Court was able to review the judgment."

has personal jurisdiction over the parties if a notice of appeal is timely filed and served on the opposing party. *State v. Van Duyse,* 66 Wis. 2d 286, 291, 224 N.W.2d 603 (1975). Thus, it is the failure to timely file notice of appeal, not the failure to timely file post-verdict motions, that deprives the court of appeals of jurisdiction to hear an appeal. *See also, First Wisconsin National Bank of Madison v. Nicholaou,* 87 Wis. 2d 360, 364, 274 N.W.2d 704 (1979).

In *Jansen Co. v. Milwaukee Area Dist. Bd.,* 105 Wis. 2d 1, 312 N.W.2d 813 (1981), this court addressed the jurisdiction of the court of appeals to hear an issue that was properly and timely raised under. sec. 805.16, Stats., but not timely decided by the trial court. The trial court had granted the defendant's motion for a directed verdict more than five months after the date of the jury's verdict in the plaintiff's favor. On appeal, the plaintiff urged the court of appeals to reverse the decision because it had not been entered within sec. 805.16's time limit. The court of appeals affirmed the trial court's decision.

This court in *Jansen* noted that the trial court had erred in not taking timely action on the defendant's motion. 105 Wis. 2d at 8. The decision to grant the motion was "void as the court lost competency to exercise its jurisdiction ... to decide the motion ... after the expiration of [sec. 805.16's] time limit." 105 Wis. 2d at 10. However, the court continued, "when a trial court tardily attempts to decide a motion over which it has lost competency to exercise jurisdiction, an appellate court is not foreclosed from invoking its power under secs. 751.06 and 752.35 ... in the interest

---

Now it is clear that the court of appeals has jurisdiction only when the notice of appeal has been filed within the time specified by law.

of justice to accomplish the same result that the trial court [was unable to accomplish]." *Id.* Thus, the court of appeals had jurisdiction to hear the issue and to grant a remedy despite procedural defects at the trial court level.

In *State v. Monje,* 109 Wis. 2d 138, 325 N.W.2d 695 (1982), this court again discussed the policy of encouraging parties to provide the trial court with an opportunity to correct errors before an appeal is taken. The *Monje* court cited *Wells v. Dairyland Mut. Ins. Co.,* 274 Wis. 505, 515–16, 80 N.W.2d 380 (1957) with approval. 109 Wis. 2d at 151 n. 15. It reiterated *Dairyland's* holding that "motions for new trials must present the trial court with alleged trial errors in order for those errors to be considered *as a matter of right* on appeal." *Id.* (emphasis supplied). Implicit in *Monje* is that those errors not raised in the trial court may nevertheless be considered by the court of appeals in its discretion.

The most recent case, and the one that is perhaps most directly on point, is a published opinion of the court of appeals, *Brookhouse v. State Farm Mut. Ins. Co.,* 130 Wis. 2d 166, 387 N.W.2d 82 (Ct. App. 1986). In *Brookhouse,* the jury returned a verdict in favor of the defendant. The plaintiff failed to file postverdict motions within twenty days of the date of the verdict. Instead, more than a month after the date of the verdict, the plaintiff filed a motion to enlarge the time period for filing motions after verdict. The trial court ruled that it was without jurisdiction to extend sec. 805.16's twenty-day time limit or to hear postverdict motions filed more than twenty days after the verdict. The plaintiff appealed.

The court of appeals in *Brookhouse* held that the trial court "correctly ruled that it lost competency to exercise jurisdiction because the motions were not

filed within twenty days after verdict." 130 Wis. 2d at 168. It found that the language of sec. 805.16, Stats., was such that the trial court was without competency to exercise jurisdiction to extend the time period or to consider late motions. *Id.* at 170. The *Brookhouse* court went on to acknowledge its "power under sec. 752.35, Stats., in the interests of justice to accomplish the same result asked of the trial court." *Id.* at 171. Thus, the court of appeals held a reviewing court had the discretion, if it found that there had been a miscarriage of justice or that the real controversy had not been fully tried, to grant a party's motion for a new trial or postverdict motion in the interests of justice. *Id.* Because the court of appeals found no miscarriage of justice, it affirmed the trial court's entry of judgment for the defendant.

The court of appeals clearly had jurisdiction to consider the issues raised in this case by plaintiffs' appeal. *See,* sec. 752.35, Stats. It was error for the court of appeals to dismiss plaintiffs' appeal solely on the ground that there were alleged errors that the trial court had not been given an opportunity to correct. Plaintiffs only waived or forfeited the opportunity to urge on appeal *as of right* the issues raised in their untimely postverdict motions. However, the court of appeals had jurisdiction in the instant case to exercise its discretion to consider those issues if it were to find that the interests of justice so required. The court of appeals opinion fails to reflect the role of an appellate court when asked to hear issues not properly raised and preserved for appeal in the trial court.

We note that the *Brookhouse* court affirmed the trial court's judgment rather than dismissing the

appeal, as the court of appeals did in the present case. The *Brookhouse* mandate is the proper one. It reflects the correct understanding of the extent of the court of appeals' jurisdiction and of the court's responsibility in reviewing such matters. If the court of appeals decides not to exercise its discretion to consider the issues raised in untimely postverdict motions, it should affirm the judgment. The court of appeals, following the reasoning of *Brookhouse,* could determine whether the interest of justice required it to decide the issues raised by plaintiffs notwithstanding plaintiffs' failure to comply with the requirements of sec. 805.16, Stats. Accordingly, we vacate the order dismissing the appeal and remand the cause to the court of appeals with directions that it exercise its jurisdiction to decide whether to exercise discretion to hear the issues presented in plaintiffs' appeal.[7]

*By the Court.*—Order of the court of appeals is vacated and the cause is remanded to that court for further proceedings consistent with the directions herein.

---

[7]We point out that we are herein concerned only with the type of error contemplated by *Wells v. Dairyland Mut. Ins. Co.,* 274 Wis. 505, 80 N.W.2d 380 (1957), and its progeny. We do not purport to consider in this opinion plain error (*see, Virgil v. State,* 84 Wis. 2d 166, 267 N.W.2d 852 (1978) or the question of harmless error versus prejudicial error considered in *State v. Dyess,* 124 Wis. 2d 525, 370 N.W.2d 222 (1985); *see also,* sec. 805.18, Stats.