147 Wis.2d 218 (1988)
432 N.W.2d 685
STATE of Wisconsin, Plaintiff-Respondent,
v.
R.A.R., Defendant-Appellant.[]
No. 87-2478.
Court of Appeals of Wisconsin.
Submitted on briefs May 13, 1988.
Decided October 26, 1988.
*219 For the defendant-appellant the cause was submitted on the briefs of Mary E. Waitrovich, assistant state public defender.
For the plaintiff-respondent the cause was submitted on the brief of Jac Heitz, assistant district attorney.
Before Gartzke, P.J., Dykman and Eich, JJ.
GARTZKE, P.J.
R.A.R. contends that because the trial court failed to hold a timely hearing on his petition for a mental reexamination, he must be discharged from his criminal commitment to the Department of Health and Social Services. We hold that he is not entitled to discharge. We therefore affirm the order appealed from.
R.A.R. was charged with sexual contact or intercourse with a person under the age of twelve years and under the age of sixteen. Sec. 940.225(2)(e), Stats. The factual allegations of the complaint asserted that he had sexual intercourse with a fourteen-year-old boy. R.A.R. did not contest the facts but pleaded not guilty by reason of mental disease or defect. On June 26, 1984, the trial court committed him to the department pursuant to sec. 971.17(1), Stats. That statute provides that when a defendant is found not guilty by reason of mental disease or defect, the court shall order him committed to the department to be placed in an appropriate institution for custody, care and treatment until discharged.
On April 10, 1987 R.A.R. petitioned the court for a reexamination of his mental condition under sec. 971.17(2), Stats., and for his discharge from commitment. On April 22, 1987 the court appointed psychiatrists *220 to examine R.A.R. On May 22, 1987 R.A.R. moved for his immediate discharge, on grounds that the court had failed to hold the hearing within the thirty-day statutory time limit. The court construed the time limit as directory and denied that motion. On May 27, 1987 the court received the psychiatrists' reports that R.A.R. remained dangerous. Following the hearing on May 29, 1987 the court orally denied his petition, and on December 16, 1987 the court entered a written order to the same effect.
Section 971.17(2), Stats., provides,
A reexamination of a defendant's mental condition may be had as provided in s. 51.20(16), except that the reexamination shall be before the committing court and notice shall be given to the district attorney. The application may be made by the defendant or the department. If the court is satisfied that the defendant may be safely discharged or released without danger to himself or herself or to others, it shall order the discharge of the defendant or order his or her release on such conditions as the court determines to be necessary. If it is not so satisfied, it shall recommit him or her to the custody of the department.
Section 51.20(16)(c), Stats., governs reexamination of patients involuntarily committed for treatment under the Mental Health Act and provides,
If a hearing has been held with respect to the subject individual's commitment within 30 days of the filing of a petition under this subsection, no hearing shall be held. If such a hearing has not been held within 30 days of the filing of a petition, but has been held within 120 days of the filing, the court shall within 24 hours of the filing order an examination to be completed within 7 days by the *221 appropriate county department under s. 51.42 or 51.437. A hearing may then be held in the court's discretion. If such a hearing has not been held within 120 days of the filing, a hearing shall be held on the petition within 30 days of receipt.
Since no hearing had been held with respect to R.A.R.'s commitment within one hundred and twenty days of the date he filed his petition for a mental reexamination, the last sentence in sec. 51.20(16)(c), Stats., established a thirty-day time limit to hear his petition. Relying on that sentence, R.A.R. Contends that because the hearing was not held within the thirty-day time limit, he must be discharged from the criminal commitment.
[1]
A mandatory time limit prevents a court from acting after that limit has expired. State v. Rosen, 72 Wis. 2d 200, 209, 240 N.W.2d 168, 172 (1976). When Rosen was decided, mandatory time limits were regarded as affecting the subject matter jurisdiction of the circuit court. Id.
Since 1978 no circuit court lacks subject matter jurisdiction to entertain actions of any nature whatsoever. Mueller v. Brunn, 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982). Mandatory time limits now affect only the competency of a circuit court to proceed. See Jansen Co. v. Milwaukee Area Dist. Board, 105 Wis. 2d 1, 10, 312 N.W.2d 813, 817 (1981) (trial court's decision to grant motion after verdict "void as the court lost competency to exercise its jurisdiction" after sec. 805.16, Stats., time limit expired); Brookhouse v. State Farm Mut. Ins., 130 Wis. 2d 166, 168, 387 N.W.2d 82, 83 (Ct. App. 1986) (trial court "lost competency to exercise jurisdiction" to decide late-filed motions after verdict). The Brook-house *222 decision was approved in Hartford Ins. Co. v. Wales, 138 Wis. 2d 508, 521-22, 406 N.W.2d 426, 431-32 (1987).
[2]
R.A.R. Contends that our holding in State ex rel. Lockman v. Gerhardstein, 107 Wis. 2d 325, 328-29, 320 N.W.2d 27, 29 (Ct. App. 1982), requires that he be discharged. In Lockman we dealt with the detention of a person under the Mental Health Act, when the hearing on the petition for the original commitment had not been held within the time limit specified by sec. 51.20(7)(c), Stats. Id. at 326, 320 N.W.2d at 28. We construed the statutory time limit as mandatory.[1]Id. at 329, 320 N.W.2d at 29. We held that failure to hold the commitment hearing within the time limit went to the trial court's jurisdiction, or, as more recent cases put it, deprived the court of its competency to exercise its jurisdiction, and we reversed the commitment order. Id. at 328-29, 320 N.W.2d at 29. R.A.R. contends that Lockman and due process considerations require that we construe the time limit in sec. 51.20(16)(c) as mandatory.
Our Lockman decision is not in point. Lockman dealt with the statutory limit on the time to hold the hearing for an original commitment. The time limit before us involves a reexamination after commitment with the possibility of terminating the commitment by discharge or conditional release.
*223 [3]
It may be that the reexamination statute, sec. 971.17(2), Stats., creates a constitutionally protected liberty interest. A liberty interest can arise even though a person seeking reexamination has no right to release or discharge unless the court is satisfied that he or she may be safely discharged or released without danger to the petitioner or to others. See Board of Pardons v. Allen,U.S. , 107 S. Ct. 2415 (1987) (statute allowing discretionary parole creates constitutionally protected liberty interest in prospective parolee). However, the existence of a liberty interest does not, in and of itself, answer the question of whether the court's failure to hold a timely hearing on a petition for a reexamination entitles the petitioner to a discharge from his commitment to the department.
We conclude that we need not decide whether the time limit to hear a petition for reexamination under sec. 971.17(2), Stats., is a mandatory. Resolution of that issue can have no effect upon the relief R.A.R. seeks. He demands a discharge from his commitment to the department. If the time limit is mandatory, then the only effect is to deprive the court of its competency to hear the petition. If the court lacks that competency, then R.A.R.'s petition must be dismissed. If his petition is dismissed, R.A.R. remains committed to the department, and he must again petition for reexamination. But since he does not request that relief, dismissal of his petition, we need not grant it.
Nothing in the statutes indicates a legislative intent that a person must be discharged from commitment to the department merely because the court failed to hold a timely hearing on the petition. Section 971.17, Stats., is a silent as to the effect of such a failure, *224 and we see no reason to fashion a remedy against the department for the untimely act of the trial court.[2]
[4]
We need not decide what remedy R.A.R. has, if any, for the court's failure to hold a timely hearing. We hold only that R.A.R. is not entitled to discharge from his commitment to the department. Since he is not entitled to the relief he seeks, and he suggests no other remedy, there is no reason for us to inquire further into the matter.
By the Court.Order affirmed.
NOTES
[] Petition to review denied. BABLITCH, J., took no part.
[1] We reached the same conclusion in In Matter of Guardianship of N.N., 140 Wis. 2d 64, 69, 409 N.W.2d 388, 390 (Ct. App. 1987), regarding the time limit to hold a hearing under sec. 55.06(11) (c), Stats., at which the court may order temporary placement pending a hearing for permanent placement for protective purposes.
[2] Compare Harvey v. State, 441 A.2d 1094, 1098 (Md. App. 1982) (court refused to discharge defendant from custody for agency's failure to hold timely post-verdict hearing to evaluate defendant found not guilty by reason of insanity where statute provided no sanction); and Valleur v. McGee, 600 P.2d 914, 916 (Or. App. 1979) (court refused to discharge petitioner whose administrative hearing to review criminal commitment to a state hospital was not timely held).