SCHOLTEN PATTERN WORKS, INC., Plaintiff-
Respondent, †

v.

ROADWAY EXPRESS, INC., Defendant-Appellant.

Court of Appeals

*No. 89-0484. Submitted on briefs August 3, 1989.—Decided
September 6, 1989.*

(Also reported in 448 N.W.2d 670.)

†Petition to review denied.

254

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert C. Hahn* of *Holden & Hahn* of Sheboygan.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Alvin R. Kloet* of *Chase, Olsen, Kloet & Gunderson* of Sheboygan.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J. In this small claims case, Roadway Express, Inc., a common carrier, appeals from a judgment in favor of Scholten Pattern Works, Inc. for damage to machinery delivered by Roadway to Scholten Pattern. The trial court found that Scholten had proved its case by showing that the machinery was in good condition when delivered to the carrier but was damaged when received by Scholten. We hold that the first of these essential findings is based only on hearsay that would be inadmissible under the rules of evidence and that sec. 799.209, Stats., therefore renders the evidence in support of the finding insufficient as a matter of law. On this ground, we reverse and do not address Roadway's alternative ground for relief.

The case was tried to the court. John Scholten, president of Scholten Pattern, testified that he purchased a router through Manfred Keller of New Haven, Connecticut. The manner of delivering the machine was left up to Keller. The router was shipped by Roadway. During direct examination, Scholten testified:

> Question: And you have had conversation with Mr. Manfred Keller after the equipment was damaged?
>
> Answer: Yes, I did.
>
> Question: And is it your understanding that at the time this equipment was shipped that the damage

that you observed at Sheboygan, Wisconsin was not damaged when it left New Haven, Connecticut?

Answer: Right.

No other evidence of the router's condition when it left New Haven was offered by either party.

The general rule is that the liability of a common carrier for injury to property in transit is that of an insurer. *Allis-Chalmers Mfg. Co. v. Eagle Motor Lines Inc.*, 55 Wis. 2d 39, 45, 198 N.W.2d 162, 165 (1972). The mere proof of the delivery of the goods to the carrier in good condition, and of their arrival in damaged condition, makes a prima facie case against the carrier. *Id.* The determinative question on appeal is whether Scholten's testimony regarding his conversation with Keller is sufficient to establish the first of the two necessary facts that compose a prima facie case. It is not.

Section 799.209, Stats., governs small claims proceedings. Subsection (2) states:

> The proceedings shall not be governed by the common law or statutory rules of evidence except those relating to privileges under ch. 905. The court or court commissioner shall admit all evidence having reasonable probative value, but may exclude irrelevant or repetitious evidence or arguments. An essential finding of fact may not be based solely on a declarant's oral hearsay statement unless it would be admissible under the rules of evidence.

Hearsay is defined in Wisconsin as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Sec. 908.01(3), Stats. Hearsay is generally inadmissible under the rules of evidence. Sec. 908.02, Stats.

Our determination of whether sec. 799.209, Stats., renders Scholten's testimony insufficient to support his case requires that we first resolve whether the testimony is hearsay. We apply the hearsay statute to the undisputed facts, a question of law that we analyze *de novo*. *Tenpas v. DNR,* 148 Wis. 2d 579, 582, 436 N.W.2d 297, 298 (1989). If the testimony is hearsay and inadmissible under the rules of evidence, we then determine whether sec. 799.209(2) mandates that some other evidence be offered in corroboration. Statutory analysis also presents a question of law. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). We address the issues seriatim.

John Scholten was not present when the router was delivered to Roadway. His "understanding" that the machine was in good condition clearly was a paraphrasing of Keller's assertion regarding the matter. Further, the testimony was offered to prove the matter asserted by Keller. During argument to the trial court, Scholten Pattern's attorney stated that " 'a prima facie case for liability is made by proof of shipment in good condition'—which Mr. Scholten indicated that from what his being advised from the people in North Haven [sic] that it was in good condition when it left . . .." In our view, Scholten Pattern clearly conceded in this argument that Scholten's testimony was a restatement of Keller's assertion, that it was offered to prove the matter asserted, and hence, that it was hearsay.

Chapter 908, Stats., sets out a variety of exceptions that render admissible otherwise impermissible hearsay. Scholten's testimony fits into none of these. Therefore, his testimony would not have been admissible under the rules of evidence.

On appeal, Scholten Pattern argues that the statement was not hearsay, but was opinion testimony based on Scholten's investigation. Its argument is inconsistent with the position taken at trial. This presents a classic case of judicial estoppel. *State v. Washington,* 142 Wis. 2d 630, 635, 419 N.W.2d 275, 277 (Ct. App. 1987).

We turn, then, to the question of whether sec. 799.209, Stats., requires more than a hearsay statement in support of an essential finding. Scholten Pattern argues that the statute permits the court to make an essential finding of fact based solely on hearsay because the statutory language that such findings "may not be based solely on a declarant's oral hearsay statement" is directory, not mandatory. Scholten Pattern's position is grounded on its argument that the word " 'may' is permissive and does not mean 'shall' or mandatory."

The argument is misplaced. As we have noted in discussing a similarly worded statute, the distinction is not between "shall" and "may," but between "may" and "may not." *Brookhouse v. State Farm Mut. Ins. Co.,* 130 Wis.2d 166, 170, 387 N.W.2d 82, 84 (Ct. App. 1986). "May not" is a negative term. Where statutory restrictions are couched in negative terms, they are usually held to be mandatory. *Id.* Negative words in a statute such as sec. 799.209, Stats., which grants the trial court power to admit evidence otherwise excluded, should never be construed as directory. *See Brookhouse,* 130 Wis. 2d at 170, 387 N.W.2d at 84. The statutory language that forbids basing essential findings solely on hearsay inadmissible under the rules of evidence is mandatory.

Scholten Pattern's final argument is that Roadway waived the issue because it did not object to the hearsay testimony at trial. This argument, too, is misplaced. Sec-

tion 799.209(2), Stats., waives the rules of evidence in small claims proceedings and renders hearsay admissible if relevant. The testimony thus was not objectionable. The question here is the sufficiency, not the admissibility, of hearsay evidence to support an essential finding. In actions tried by the court, sufficiency of evidence questions may be raised on appeal whether or not the party has objected to findings in the trial court or moved for a new trial. Sec. 805.17(4), Stats.

██

Scholten Pattern did not make out a prima facie case against Roadway because it offered only hearsay evidence to support an essential finding. Such evidence is insufficient as a matter of law.

*By the Court.*—Judgment reversed.