Fran MATUSKY and George Matusky,
Appellants–Defendants,

v.

SHEFFIELD SQUARE APARTMENTS,
Appellee–Plaintiff.

No. 22A04–9309–CV–333.

Court of Appeals of Indiana,
Fourth District.

Aug. 25, 1994.

Anne Marie Sedwick, Lorch & Naville, New Albany, for appellants.

Don E. Williams, Hebel & Hornung, Louisville, KY, for appellee.

RATLIFF, Senior Judge.

## STATEMENT OF THE CASE

Appellants-defendants, Fran and George Matusky ("Matuskys"), appeal the small claims court's judgment awarding appellee-plaintiff, Sheffield Square Apartments ("Sheffield Square") six hundred ninety dollars ($690.00). We affirm.

## ISSUES

Matuskys present two issues for review which we restate as:

I. Whether a small claims judgment is contrary to law when the only evidence supporting an element of the plaintiff's claim is hearsay evidence which was objected to at the hearing.

II. Whether denial of defendant's counterclaim is contrary to Ind.Code 32–7–5–1.

## FACTS

On November 24, 1992, Sheffield Square filed a small claims complaint against Matuskys, who had rented an apartment from Sheffield Square until August 31, 1992. Sheffield Square sought damages for back rent, excessive wear and tear to the apartment, and water damage caused by Matuskys. On January 8, 1993, Matuskys mailed a letter to Sheffield Square's manager Carrie Randall ("Randall"), which contained payment for the back rent due and requested an itemized list of the alleged damage. After receiving the itemization from Sheffield Square, Matuskys filed a counterclaim for return of their security deposit and an award of attorney fees, alleging that Sheffield Square failed to comply with the Indiana Security Deposits statute [1]. At the small

---

**1.** Ind.Code 32–7–5–14 provides: In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter, including the estimated cost of repair for each damaged item and the amounts and lease on which the landlord intends to assess the tenant. The list must be accompanied by a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

Ind.Code 32–7–5–13 provides: A security deposit may be used only for the following purposes:
(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear expected in the normal course of habitation of a dwelling.
(2) To pay the landlord for all rent in arrearage under the rental agreement, and rent due for premature termination of the rental agreement by the tenant.
(3) To pay for the last payment period of a residential rental agreement where there is a

claims hearing, the affidavit of Linda Porter ("Porter") was admitted over Matuskys' objection. Porter's affidavit stated that she was the owner of Sheffield Square's parent company and that she had mailed an itemized list of damages to Matuskys on September 24, 1992, within forty-five days of Matuskys vacating the apartment. Fran Matusky testified at the hearing that the only itemized list of damages she had received was from Sheffield Square's attorney in response to her January letter. Judgment was entered on June 16, 1993, in favor of Sheffield Square for $690.00.

### DISCUSSION AND DECISION

#### ISSUE I

Matuskys contend that the small claims court's judgment is contrary to law. Matuskys claim that no competent evidence was presented at the hearing that Sheffield Square had mailed an itemized list of damages to Matuskys within the forty-five day statutory period; the only evidence presented on that point was the hearsay affidavit of Porter. Matuskys correctly note that hearsay evidence is admissible in small claims court. However, they argue that the "modified residuum" rule should apply to actions in small claims court to require that a judgment may not be based on hearsay alone.

We reject Matuskys' invitation to subject small claims procedures to the "modified residuum" requirements. The Small Claims Rules were adopted in order to provide ordinary citizens with a means of obtaining swift and uncomplicated resolution of minor disputes. To that end, the rules specify informal hearings free from the restraints of technical rules of procedure, as provided in S.C. 8(A):

> "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence ex-

cept provisions relating to privileged communications and offers of compromise."

Thus, it is clear that in the small claims setting, all evidence, whether hearsay or not, is admissible save the two designated exceptions. Because the affidavit of Linda Porter was neither a privileged communication nor an offer of compromise, it was not within the only exceptions under S.C. 8(A), and was admissible for all purposes.

The attempt to engraft onto the clear provision of S.C. 8(A) the so-called "modified residuum" rule from the administrative law area is an unwarranted attempt to rewrite the Small Claims Rules, the effect of which would be to impose technical rules upon largely untrained litigants completely thwarting the express purpose of providing an uncomplicated and simple method of resolution of issues in order to dispense speedy justice between the parties.

Matuskys cite *Scholten Pattern Works, Inc. v. Roadway Express, Inc.*, (1989), Wisc. App., 152 Wis.2d 253, 448 N.W.2d 670, and *Levin v. Bucholtz* (1956), 2 A.D.2d 351, 155 N.Y.S.2d 770, for the proposition that a small claims judgment cannot be supported by hearsay alone. For the reasons previously stated, we decline to follow those cases.

If the Small Claims Rules are to be changed, which in our opinion would be a mistake, it is not for this court to do so. The provisions of S.C. 8(A) are clear and unmistakable. There was no error in the admission of the Porter affidavit, and the judgment should be affirmed as to this issue.

#### ISSUE II

Matuskys contend denial of their counterclaim was contrary to Ind.Code 32-7-5-1, because there was no competent evidence Sheffield sent them an itemized list of damages within forty-five (45) days. This issue is subsumed in our discussion of Issue One. Porter's affidavit was admissible evidence

---

written agreement between the landlord and the tenant that stipulates the security deposit will serve as the last payment of rent due. (4) To reimburse the landlord for utility or sewer charges paid by the landlord that:

(A) are the obligation of the tenant under the rental agreement; and
(B) are unpaid by the tenant.

upon which the small claims court could rely in deciding this issue. There is no error.

Judgment affirmed.

NAJAM, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent from the majority opinion, as I believe the modified residuum rule should apply to actions in small claims courts.

In this state, a modified residuum rule applies to actions before administrative agencies. As stated by our supreme court in *C.T.S. Corp. v. Schoulton* (1979), 270 Ind. 34, 39, 383 N.E.2d 293, 296:

> Indiana courts have unerringly applied a modified version of the Residuum Rule. It is improper (albeit not reversible error) for the Industrial Board to admit incompetent hearsay and an award must be supported by some competent evidence presented at the hearing.
>
> * * * * * *
>
> The Board can admit all hearsay evidence without fear of automatic reversal. If properly objected to at the hearing and preserved on review and not falling within a recognized exception to the Hearsay Rule, then an award may not be based solely upon such hearsay. But if not objected to, the hearsay (incompetent evidence) may form the basis for an award.

I do not believe the adoption of the modified residuum rule in the small claims context would work, as the majority suggests, to rewrite Small Claims Rule 8(A). That rule permits the admissibility of all evidence in small claims actions, excepting privileged communications and offers of compromise. A judgment of a small claims court will not be reversed because of any alleged error in receiving evidence. *See Boostrom v. Bach* (1992), Ind.App., 603 N.E.2d 867, *vacated on other grounds* (1993), Ind., 622 N.E.2d 175 (there was no reversible error in admission of a motion which was unverified and unsworn, as parties are not bound by rules of evidence). However, a rule that hearsay evidence is admissible in small claims court does not amount to a declaration that hearsay evidence should have any more probative force than it does in actions before other courts of this state. Small claims courts are bound to "dispense speedy justice ... according to the rules of substantive law." S.C.R. 8(A). A judgment based solely upon incompetent evidence is not according to the rules of substantive law.

Without application of the modified residuum rule, the same case may receive different outcomes depending on the court in which it was filed. Under the majority opinion, a plaintiff using hearsay evidence to support an element of her claim would prevail in small claims court, yet if she had brought the action on the court's plenary docket her claim would be defeated as the hearsay would not have been received into evidence. Similarly, with the same evidence, a small claims defendant has the ability to defeat a plaintiff's case by simply removing the case from the small claims docket to the court's plenary docket. The competency of evidence to support a judgment should not vary simply because of the docket upon which it is heard. A judgment based on incompetent evidence, when properly objected to, cannot stand:

> 'Where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, the admission of incompetent, irrelevant, and immaterial evidence is not cause for reversal.' (Citing cases.)
>
> However, the rule is equally well settled that if it appears from the record that the court's decision was based upon the incompetent evidence, the judgment will be reversed.

*Harpe v. Beuoy* (1966), 139 Ind.App. 690, 694, 215 N.E.2d 553, 556.

I would adopt the modified residuum rule in the small claims context.

Applying the rule here, the only competent evidence presented to the trial court was that Matuskys had received an itemized list of damages in January after requesting such from Sheffield Square. Because Sheffield Square did not provide Matuskys an itemized

list of damages within forty-five days of their vacating the apartment, judgment should have been entered for Matuskys. *See Chasteen v. Smith* (1993), Ind.App., 625 N.E.2d 501 (by operation of statute, the failure of a landlord to comply with the notice of damages requirement constitutes an agreement by the landlord that no damages are due).