Mark v Dutchess Jeep Chrysler Dodge (2023 NY Slip Op 50684(U))

[*1]

Mark v Dutchess Jeep Chrysler Dodge

2023 NY Slip Op 50684(U)

Decided on June 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2022-214 D C

Gary Mark, Doing Business as HKT, Respondent,
against
Dutchess Jeep Chrysler Dodge, Appellant. 

Wallace & Wallace, LLP (Craig M. Wallace of counsel), for appellant.
Gary Mark, d/b/a HKT, respondent pro se.

Appeal from a judgment of the City Court of Poughkeepsie, Dutchess County (Frank M. Mora, J.), entered February 22, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $4,213.13.

ORDERED that the judgment is reversed, without costs, and the action is dismissed.
Plaintiff commenced this small claims action to recover the principal sum of $4,213.13, alleging that defendant had negligently overfilled the transmission on plaintiff's van, leading to its failure. Plaintiff presented no expert witness at trial, instead testifying on his own behalf as to what caused his transmission to fail. He introduced a receipt from a dealership in Virginia which stated that the transmission had been overfilled, along with manuals from the van's manufacturer that gave general guidelines on how much fluid is needed to fill the transmission and warning vehicle owners that operating a vehicle with an overfilled transmission can lead to severe damage and failure. Defendant presented its expert witness who testified that it is impossible to know what happened to the subject van without having taken the transmission apart and inspected it, which did not happen here. Following a nonjury trial, the City Court entered a judgment in favor of plaintiff in the principal sum of $4,213.13.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, [*2]269 AD2d 125 [2000]). Although a small claims court is not bound by statutory provisions or rules of practice, procedure, pleading or evidence (see UCCA 1804), a small claims judgment cannot be based on hearsay alone (see Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1997]; Levins v Bucholtz, 2 AD2d 351 [1956]; Osipova v Koss & Schonfeld, 69 Misc 3d 136[A], 2020 NY Slip Op 51297[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). "[A] document, which was admitted into evidence without any foundation offered for its admission pursuant to an exception to the hearsay rule, [i]s not legally competent to establish" the facts asserted therein (Hickey v T & E Serv. Sta, 12 Misc 3d 133[A], 2006 NY Slip Op 51183[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Here, plaintiff submitted his own non-expert testimony as to causation and improperly attempted to bolster his testimony with the hearsay statement contained within the receipt from the Virginia dealership. We note that this receipt was not marked paid and, thus, was not admissible as "prima facie evidence of the reasonable value and necessity of such services and repairs" (UCCA 1804). Consequently, plaintiff failed to establish his prima facie case that defendant negligently overfilled the transmission of plaintiff's van which led to the transmission's failure. In view of the foregoing, we find that substantial justice was not done between the parties according to the rules and principles of substantive law (see UCCA 1804, 1807).
Accordingly, the judgment is reversed and the action is dismissed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 30, 2023