Likiardopoulos v Hajabed (2026 NY Slip Op 26026)

[*1]

Likiardopoulos v Hajabed

2026 NY Slip Op 26026

Decided on February 13, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 13, 2026
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2025-244 K C

Alexandros I. Likiardopoulos, Respondent,
againstMohamed Hajabed, Appellant. 

Mohamed Hajabed, appellant pro se.
Alexandros I. Likiardopoulos, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Delsia G. Marshall, J.), entered October 4, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the sum of $6,000. Prior to a nonjury trial, plaintiff was sworn in and stated his name but did not testify. Plaintiff's niece, Doina Nicolescu, stated that plaintiff was incapable of testifying after undergoing surgery and that she held a power of attorney for him. The Civil Court (Delsia G. Marshall, J.) stated that Ms. Nicolescu could "speak and express [plaintiff's] concerns in this case." Ms. Nicolescu testified that she had no personal knowledge of the relevant facts but that a bank teller advised her that plaintiff had withdrawn $6,000 and given it to defendant while at the bank. Ms. Nicolescu further stated that, although she did not know the circumstances under which plaintiff gave the money to defendant, it was not a gift. She further stated that defendant did not return the money. Ms. Nicolescu presented a copy of plaintiff's bank statement reflecting a withdrawal of $6,000 on May 11, 2022. Defendant testified that plaintiff gifted him $5,000 after defendant had performed several favors for plaintiff. Following the trial, the Civil Court entered a judgment on October 4, 2024 awarding plaintiff the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Litigants who have speech impairments may be considered disabled under the American Disabilities Act (see 42 USC § 12102) and courts, as public entities (see 42 USC § 12131 [1]; Tennessee v Lane, 541 US 509 [1978]), are required to "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity" (28 CFR 35.160 [b] [1]).
Here, the extent of plaintiff's speech impairment is unknown. He was able to state his name and be sworn in, but there is no indication in the record that he disagreed with Ms. Nicolescu's assertion that he was unable to testify. If plaintiff is disabled, he is entitled to an accommodation for his speech impairment, such as, but not limited to, a qualified speech-to-speech transliterator or permission to write down his testimony (see U.S. Department of Justice, Civil Rights Division, ADA Requirements: Effective Communication, Auxiliary Aids and Services https://www.ada.gov/resources/effective-communication/#auxiliary-aids-and-services [last accessed Jan. 8, 2026]). However, Ms. Nicolescu did not act as an intermediary for plaintiff; instead, she was permitted to testify entirely for him regarding events of which she had no personal knowledge. Indeed, there is no indication in the record that plaintiff ever adopted Ms. Nicolescu's testimony as his own, whether by gesturing or otherwise.
"[T]he statutory powers granted to an attorney-in-fact under title 15 of article 5 of the General Obligations Law do not include the power to swear . . . in the name of the principal" (Reich v 559 St. Johns Pl, LLC, 204 AD3d 850, 852 [2022]; see Cymbol v Cymbol, 122 AD2d 771 [1986]; Reboul, MacMurray, Hewitt, Maynard & Kristol v Quasha, 90 AD2d 466 [1982]). As a small claims judgment cannot be based on hearsay alone (see Zelnik v Bidermann Indus. U.S.A., 242 AD2d 227 [1997]; Levins v Bucholtz, 2 AD2d 351 [1956]; Mark v Dutchess Jeep Chrysler Dodge, 79 Misc 3d 128[A], 2023 NY Slip Op 50684[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]), this judgment, which was based solely on Ms. Nicolescu's hearsay testimony, cannot stand. Consequently, under the circumstances, substantial justice was not done between the parties according to the rules and principles of substantive law (see CCA 1804, 1807) and a new trial is required with appropriate accommodations provided for plaintiff's speech impairment or disability, if necessary.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
MUNDY and OTTLEY, JJ., concur.
TOUSSAINT, P.J., taking no part.
ENTER:Jennifer ChanChief ClerkDecision Date: February 13, 2026